State v. Scott.

STATE OF MISSOURI, Appellant, *v.* JACOB SCOTT, Respondent.

1. *Criminal Practice—Trial—Evidence.*—When an individual is put upon his trial for a criminal offence, the particular act which constitutes the crime must be proved. The confessions of a party not made in open court, nor before a magistrate on examination, and uncorroborated by circumstances or other proof that a crime has been committed, will not warrant a conviction.

2. *Criminal Practice—Indictment—Arrest of Judgment.*—Where there are several counts in an indictment and a general verdict of guilty is returned, if any one of the counts be good the judgment cannot be arrested.

*Appeal from Barry Circuit Court.*

The first count charged the defendant with a larceny by violence to the person of one William Jones. The second count charged the defendant with making a felonious assault upon the person of one William Jones, and putting the said Jones in fear of some immediate injury to his person, and taking the property of said Jones from his person and against his will, &c. The third count charged a larceny, by taking the property from the person of said Jones, by puttting him in fear, &c., but did not charge any felonious assault.

Attorney General, for appellant.

FAGG, Judge, delivered the opinion of the court.

At the March term, 1866, of the Barry Circuit Court, the respondent was indicted and put upon his trial for robbery in the first degree. The indictment charges simply one offence, but contains three counts, varying the statement of it in each one of them. It is drawn under the provisions of § 20, art. 3, ch. 50, R. C. 1855, and charges the respondent with forcibly taking a mare, saddle and one pair of saddle-bags from one William Jones, on the public highway, against his will, &c. The jury returned a verdict of guilty and assessed his punishment at imprisonment in the State penitentiary for a period of ten years. Respondent filed his motion for a new trial and also in arrest of judgment. The first was overruled; but the latter being sustained by the court

below, the case is brought here by appeal taken on the part of the State.

The following state of case appears from the facts as developed by the testimony. In the month of June, 1865, the prisoner Scott was seen and recognized by the principal witness riding along a public road, in the county of Barry, in company with an old man who gave his name as William Jones, and who stated that he was a resident of Red River country in the State of Texas. The prisoner Scott was a soldier, and stated that he was then on his way to Fort Scott to join his command. Witness travelled with them some distance, and when about to separate from them says that "the prisoner then said to him (Jones) it was strange that he could come from there alone, when a soldier could not travel without being shot at." Speaking to witness, he said further in a tone loud enough to be heard, as the witness thinks, by the old man—he said, "I expect to get into a fuss with this old man and take his horse from him." In the afternoon of the same day, witness again met with the prisoner riding the mare, and having the saddle and saddle-bags, all of which were identified as having been in the possession of Jones at the time that witness separated from them. The prisoner then told this witness that "he had got into a fuss with the old man and had *jayhawked* his mare." Two other witnesses testified that the prisoner had at different times told them that "he had taken a mare from an old man on the Springfield road."

Upon this state of facts, the question arises as to whether there was sufficient proof of the *corpus delicti* to sustain the verdict of the jury. Taking the several statements of the prisoner alone, can it be said with any degree of certainty whatever that a crime had been committed? Or can it be said that his having the property which was identified as being in the possession of Jones at the time that the witness separated from them, is a circumstance that could give any additional effect to his statements?

In the case of Robinson v. State, 12 Mo. 592, it was said

by Judge Ryland, in delivering the opinion of the court, that "the confessions of a party not made in open court, or on examination before a magistrate, but to an individual, uncorroborated by circumstances, and without proof *aliunde* that a crime had been committed, will not justify a conviction." (See also the authorities there cited.) This position is not controverted by any authority so far as I can find from an examination of the books. When an individual is put upon his trial for a criminal offence, the first point of inquiry must necessarily be whether any crime at all has been committed. The particular act which constitutes the crime must be proved. The charge here is robbery in the first degree. Certain ingredients are necessary to constitute this particular grade of offence. It is true the prisoner said he intended to take the property, and is afterwards found in possession of it, saying he had "*jayhawked it*." Admitting all this to be true, does it prove, or even tend to prove, that the property was taken under such circumstances as to constitute it robbery in the first degree within the meaning of the statute? It may be true that his possession had been unlawfully obtained; but there is nothing in his declarations, or the circumstances of the case, that can fix the grade of his crime with sufficient certainty to enably a jury to say whether it was robbery in the first degree, larceny, or any other unlawful taking of the property.

The circumstances of the case might reasonably lead to the conclusion that a grave offence of some character had been committed, and one which, if properly made out, ought to have subjected the prisoner to the full extent of the punishment assessed by the jury; but the court was not justified by the proof in refusing to set aside the verdict and grant a new trial. The court, therefore, improperly overruled the motion of the defendant for a new trial. A review of this portion of the case has been deemed necessary for the reason that the judgment of the Circuit Court must be reversed and the cause remanded for further trial.

The principal error complained of by the appellant is the

action of the court in sustaining the motion in arrest of judgment. All of the counts in the indictment were held to be defective in the ruling of the court below. The first and third are somewhat objectionable, but the second is believed to be substantially in conformity to the requirements of the statute. The offence is stated with sufficient legal accuracy to prevent the defendant from being seriously prejudiced in his defence. The case of State v. Wilcoxen, in 38 Mo. 370, is referred to as one directly in point.

The motion in arrest of judgment was improperly sustained, and the judgment of the Circuit Court is therefore reversed and the cause remanded. The other judges concur.