## THE STATE v. ELBERT YOUNG, Appellant.

Division Two, November 14, 1911.

1. **UTTERING FORGED DEED:** Necessary to Prove Forgery. Where defendant is charged with knowingly having in his possession, with intent to defraud by uttering the same as true, a forged instrument, purporting to be a deed from Richard M. Boyle to defendant and purporting to convey certain lands to defendant, in order to sustain a conviction it is essential that the deed be shown to be a forgery. And where a number of witnesses testify that a man named Richard M. Boyle was in East St. Louis at the time the deed was executed and executed it there, and there is no evidence to the contrary, and there is no testimony to the effect that the Richard M. Boyle, in whose name the title to the lands described appears of record, was not the man who was known by that name in East St. Louis and who executed the deed there, there is no proof that the deed was a forgery, and a conviction of having uttered a forged deed cannot stand.

2. —————: —————: **Forged Acknowledgment.** Proof that the certificate of acknowledgment to a deed was forged is not proof that the purported grantor did not sign the deed.

3. **EXTRAJUDICIAL CONFESSION:** Must Be Corroborated: Corpus Delicti. Testimony by a witness that defendant stated to her that he forged the deed, is what in law is termed an extrajudicial confession. Such testimony by a single witness, if uncorroborated, is not sufficient to sustain a conviction. Testimony of a confession of the crime charged, made out of court by the accused, must be supported by independent proof of the *corpus delicti;* that is, by proof that the crime was actually committed.

4. **SUSPICION AND CONJECTURE** cannot take the place of substantial testimony tending to prove guilt.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*J. J. Cope* and *G. C. Dalton* for appellant; *Bland, Crites & Murphy* of counsel.

(1)  Signing a deed, and taking and certifying an acknowledgment to it, are separate and distinct acts.  One is a private act, the other an official act; both cannot be done by the same person.  And the forgery of a deed and the forgery of a certificate of acknowledgment to a deed are separate and distinct offenses.  Sec. 4636, R. S. 1909; State v. Tobie, 141 Mo. 547; State v. Reed, 141 Mo. 546.  The evidence of Abernathy that the certificate of acknowledgment was forged did not prove, or tend to prove, that the deed itself was forged.  It was *res inter alios acta,* was wholly inadmissible, highly prejudicial to the defendant, and furnished impelling ground for a new trial. State v. Hyde, 234 Mo. 200.  (2)  There is no evidence whatever that the person who appeared in East St. Louis and introduced himself as Richard M. Boyle, was not Richard M. Boyle who was the apparent record owner of the lands described in the indictment, and described in the deed from Boyle to the defendant Young.  (3)  The evidence adduced by the State was insufficient to warrant a verdict of guilty, and the court should have granted defendant's demurrer to the evidence, asked at the close of the State's case, and especially should this have been done at the close of the whole case.  Davis v. Thompson, 209 Mo. 192; Millikin v. Com. Co., 202 Mo. 637.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

Instruction 2 told the jury that if the appellant knew the said deed was forged and falsely made, and that he had said deed in his possession with intent to

defraud by uttering the same as true, they should find him guilty. It is not necessary in an instruction to use the identical words of the statute, or that it should contain all the peculiarities of the criminal charge in the indictment. It is enough in this case that the uttering was done with intent to defraud. State v. Tobie, 141 Mo. 547.

KENNISH, P. J.—At the November term, 1910, of the circuit court of Dent county, the defendant was convicted of the offense of having in his possession a forged deed, with intent to defraud by uttering the same as true, in violation of the provisions of section 4654, Revised Statutes 1909. His punishment was assessed at ten months' imprisonment in the county jail, and he appealed to this court.

The indictment upon which the defendant was prosecuted contained two counts. The first charged him with having forged a deed, purporting to have been executed by one Richard M. Boyle, conveying to him, defendant, 1920 acres of land in Dent county, Missouri. The second count charged him with having possession of said deed with intent to defraud by uttering said deed as true. The case was submitted to the jury on the second count alone and a verdict of guilty was returned on that count.

The evidence for the State tended to show the following facts:

Richard M. Boyle was the record owner of the land in question, having acquired title thereto by warranty deed in 1872. In December, 1906, the defendant filed in the office of the recorder of deeds of Dent county a warranty deed, purporting to convey the said lands to the defendant. This deed purported to have been executed by Richard M. Boyle of Pittsburgh, Pennsylvania, and to have been acknowledged before Pearl Abernathy, a notary public of St. Clair county, Illinois, with an office in East

St. Louis.  At the trial Abernathy testified that he did not take or certify the purported acknowledgment and that there was no other notary public in his county of the same name.  A day or two before the deed was filed for record, the defendant was in the office of the recorder of deeds and asked the deputy recorder if he was up with his work, and was informed by the deputy that he was not.  A day or two later he asked the same question and was told that the deputy was up with his work.  He then filed the deed for record, remained in the recorder's office while it was being recorded, assisted the deputy in comparing the deed with the record thereof, and received the deed back from the deputy.  After the deed was recorded defendant and his wife conveyed a part of the land in question to other parties.

Mrs. Bertha Jackson testified that she was employed as defendant's stenographer during a part of the year 1907.  That in April or May of that year the defendant stated to her that he had cleared five thousand dollars on the Boyle land, and "that A. B. King and Ike Epstein had put him onto this land, and he said that there was a lot of crooked work done in it and the deed needed doctoring and he doctored it, and he said, 'Oh, well, in other words, I forged the deed, but there is nobody in Salem smart enough to catch me in it,' and he said also in that conversation that he knew a man that had all kinds of seals and that he could get a deed to any piece of land in Dent county that he wanted."

Outside of this testimony of Mrs. Jackson there was no evidence introduced tending to show that the deed was a forgery.  It was shown that the city directories of the city of Pittsburgh, Pennsylvania, published between 1872 and 1910, did not contain the name of Richard M. Boyle.  The deeds to Boyle dated in 1872 referred to him as being of Alleghany, Pennsylvania, while the deed from Boyle to defendant

referred to him as Richard M. Boyle of Pittsburgh, Pennsylvania.

At the close of the State's evidence the defendant asked an instruction in the nature of a demurrer to the evidence, which was refused.

The testimony of the defendant was, in substance, as follows:

Defendant received the deed in East St. Louis, from a man who claimed to be Richard M. Boyle, paid him one hundred dollars therefor, had the deed recorded in Dent county under the circumstances stated by the deputy recorder and afterwards sold and conveyed part of the land to other parties. That part of the land conveyed by defendant to other parties was sold through an agent, and defendant delivered his deed from Boyle to this agent to be delivered to the purchasers of the land from defendant along with the deed from defendant. The negotiations for the purchase of the land by defendant from Boyle were opened by a letter written to defendant by his brother-in-law, a man named Payne, living in St. Louis. Payne wrote defendant a letter suggesting that he come to St. Louis. Upon the receipt of the letter defendant went to St. Louis to see Payne. He was informed by Payne that a man in East St. Louis had for sale some land in Dent county in which defendant might be interested. Payne and defendant then went to the real estate office of Ashlock & Pewitt in East St. Louis, where they met Richard M. Boyle, and defendant made a contract with Boyle for the purchase of the land. On the following day defendant met Boyle at the same office and closed the trade. When defendant arrived at the office on the second trip Boyle was there with a deed which he had already signed and acknowledged before a notary public. The name of the grantee had been left blank. The defendant's name was inserted in the deed as grantee and he received the deed and paid Boyle the

purchase price.   The defendant's account of the manner in which he obtained the deed was corroborated by Payne, Ashlock and Pewitt.   Ashlock and Pewitt testified that a man claiming to be Richard M. Boyle came to their office and stated that he wanted to sell some land that he owned in Dent county.   They communicated this information to Payne.   Payne testified that when he received the information from Ashlock & Pewitt he wrote a letter to defendant suggesting that the latter come to St. Louis; that defendant came to St. Louis and went with witness to the office of Ashlock & Pewitt in East St. Louis.   Ashlock, Pewitt and Payne all gave substantially the same account of the subsequent transactions between defendant and Boyle as was testified to by defendant. Several other witnesses testified that a man who went by the name of Boyle, and claimed to have land for sale in Dent county, Missouri, was frequently seen around the office of Ashlock & Pewitt at about the time of the date of the deed.

The defendant denied having any conversation with Mrs. Jackson, such as was testified to by her, and denied making the statements testified to by her concerning the deed. He also testified that he discharged Mrs. Jackson a few weeks after he employed her and that she was unfriendly to him for that reason.

It was also shown that Pearl Abernathy, the notary before whom the acknowledgment purported to have been taken, when first questioned about the acknowledgment, stated that he took the acknowledgment, and did not deny having taken it until he was threatened with suit on his official bond for having taken and certified a false acknowledgment.

At the close of all the evidence, the defendant again asked an instruction in the nature of a demurrer to the evidence, which was refused.

The action of the court in refusing defendant's peremptory instruction, asked at the close of all the

evidence, is assigned as error. This instruction challenges the sufficiency of the evidence to warrant a submission of the case to the jury.

The defendant was presumed to be innocent of the crime charged against him, and unless there was substantial evidence of his guilt, the court, when requested, should have instructed the jury to return a verdict of not guilty. [State v. Crabtree, 170 Mo. 642; State v. DeWitt, 191 Mo. 51; State v. Francis, 199 Mo. 671; State v. Johnson, 209 Mo. 346; State v. Miller, 234 Mo. 588.

In the count upon which the defendant was convicted he was charged with the felony of knowingly having in his possession, with intent to defraud by uttering the same as true, a forged instrument, purporting to be a deed from Richard M. Boyle to Elbert Young and purporting to convey certain lands in Dent county, particularly described in the indictment. It was of the essence of this charge that the deed thus described, as being in the possession of the defendant, was a forgery, and it was essential to conviction that evidence should have been introduced to that effect. The testimony of a number of witnesses appears in the record, tending to prove that a man named Richard M. Boyle was in East St. Louis and executed the deed described. There is no evidence to the contrary. It is true the notary before whom the deed purported to have been acknowledged denied at the trial that he had taken the acknowledgment of Richard M. Boyle to that deed, but, assuming this testimony to be true and that the notarial certificate to the deed was forged, it does not follow that Richard M. Boyle did not sign the deed. If the Richard M. Boyle in whose name the title to the lands described appears of record was not the man who was known by that name in East St. Louis and who executed this deed, as the defendant claims, what testimony of that

·fact is there in this record? Clearly there is none. In order to prove that the deed was a forgery and not the act of Richard M. Boyle it was necessary, under the indictment in this case, to show that there was such a person in existence and that this deed was not his act. There is an entire absence of such testimony in the record.

One witness, Mrs. Bertha Jackson, who had been in the employ of the defendant as a stenographer, testified that the defendant admitted to her that he had forged the deed. This testimony, if true, amounted to a confession of guilt by the defendant, and is what is termed in law an extrajudicial confession. The question is thus presented whether such testimony, uncorroborated as to the forgery, is sufficient to sustain a conviction.

It is a settled rule of criminal procedure that testimony of a confession of the crime charged, made out of court by the accused, must be supported by independent proof of the *corpus delicti;* that is, by proof that a crime was in fact committed. [Robinson v. State, 12 Mo. 592; State v. Scott, 39 Mo. 424; State v. German, 54 Mo. 526; State v. Coats, 174 Mo. 396; State v. Henderson, 186 Mo. 473; Kelley, Crim. Law and Prac., sec. 281; 12 Cyc. 483.] Such testimony is not found in this case, and without it a conviction cannot be upheld.

The testimony of the witnesses as to what occurred in East St. Louis, with reference to the deed in question, arouses a strong suspicion of criminal conduct on the part of those participating in the transaction, but suspicion and conjecture cannot take the place of substantial testimony tending to prove guilt and meeting the requirements of the law. It is only upon substantial evidence, and not mere circumstances of suspicion, that a charge of crime can be sustained, and because of the absence of such ev-

dence in this case the court should have directed a verdict of acquittal. The judgment is reversed and the defendant discharged. *Ferriss* and *Brown, JJ.,* concur.