THE STATE v. ADDIE CRAIG, Appellant.—43 S. W. (2d) 413.

Division Two, November 5, 1931.

*Dewey P. Thatch* for appellant.

*Stratton Shartel,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

HENWOOD, J.—By an information filed in the Circuit Court of St. Clair County, the defendant (a Negro) was charged, in the first count, with the unlawful transportation of "hooch, moonshine, corn whiskey," and, in the second count, with the unlawful sale of "hooch, moonshine, corn whiskey." At the close of all of the evidence the State dismissed as to the second count. The jury found the defendant guilty as charged in the first count, but failed to assess his punishment. The trial court assessed his punishment at imprisonment in the penitentiary for two years and sentenced him accordingly, and the defendant, in due course, appealed.

The State's case rests entirely on the testimony of the sheriff and prosecuting attorney concerning an extra-judicial confession made by the defendant. According to the testimony of the sheriff, in the early part of April, 1931, he met the defendant "on the track" in the town of Osceola, in St. Clair County, and searched him, and found "a quantity of bottles in his possession." The bottles were "practically empty—they had some liquor." Four or five days later the defendant was "apprehended on another charge," not on "the charge of transportation." At that time, while the defendant was under arrest and in his custody, he took the defendant to the office of the prosecuting attorney, where the defendant was questioned by the prosecuting attorney in his presence. In answer to the prosecuting attorney's questions, the defendant said "he and another colored man, Bill Martin, had gone to John Allen's, about six or seven miles south of Roscoe, in St. Clair County, sometime in March, and got a gallon of corn whiskey in a glass jug, and it was hauled in his car, and Bill Martin did the driving." The sheriff further testified that the defendent was not a resident of St. Clair County, but had been visiting with relatives in Osceola and vicinity "since the first of the year." And he further testified that all he knew about this case was what the defendant had told the prosecuting attorney in his presence. According to the testimony of the prosecuting attorney, when the defendant was arrested and brought to his office by the sheriff, he suggested to the defendant that he was entitled to counsel or to talk to a friend before he made any statement. He then asked

the defendant where he lived and what he was doing in Osceola, and the defendant answered his questions. He then told the defendant that he (the defendant) was charged with "the possession of liquor," and the defendant, voluntarily and without being coerced in any way, said: "I went over to John Allen's and I got a gallon of hooch whiskey, and I hauled it back to the spring (on the prosecuting attorney's farm), and brought it on to Osceola, and hauled it in my car." On cross-examination, the prosecuting attorney said the defendant "made the statement that he went over to John Allen's, and they got a gallon of corn whiskey or hooch, and hauled it and put it into the spring at my place, and then came to Osceola with it."

The defendant testified: He lived in Wichita, Kansas, where he owned and operated a garage and a paint shop. His wife worked "for people" in Wichita, with whom she traveled between Wichita and Hutchinson, Kansas. Before their marriage, his wife lived in Osceola. He and their two children had been visiting with relatives in Osceola and vicinity since January 2, 1931. He brought his children to Osceola in an automobile which belonged to "an old lady," a relative of his, in Wichita. He had never possessed, nor transported, nor sold, nor had any dealings in, intoxicating liquor since he came to Osceola. He drove out to John Allen's home, with Bill Martin and Bill Starkey, on one occasion. Martin and Starkey were Negroes who worked on the prosecuting attorney's farm. When he was arrested, the sheriff took him to the prosecuting attorney's office, and the prosecuting attorney questioned him. The prosecuting attorney accused him of buying a gallon of whiskey from John Allen, and he told the prosecuting attorney he did not buy any whiskey from John Allen, and, if there was any whiskey bought from John Allen, he did not see it, nor have anything to do with it. On cross-examination, he said he drove out to John Allen's home because Bill Martin wanted to see John Allen. He was there twenty or thirty minutes, but did not get out of the automobile.

Ervin Graves, testifying on behalf of the defendant, said: He was pastor of the "colored" Methodist church in Osceola. The defendant married his step-daughter, and the defendant and his two children were visiting with "the folks." The defendant's conduct was "very good," and he never heard of the defendant "being accused of any activity in connection with intoxicating liquor until this case came up."

It is apparent at once that the defendant's challenge of the sufficiency of the evidence must be sustained, and the Attorney-General so concedes. As hereinabove shown, the testimony of the State's witnesses relates to an extra-judicial confession of the defendant, and is unsupported by any extraneous facts or circumstances tending to show that the crime charged was committed. Proof of a

confession of a crime not made in open court, without independent proof of the *corpus delicti,* will not sustain a conviction. This is a well-established rule of criminal procedure. [State v. Young, 237 Mo. 170, 140 S. W. 873; State v. Mullinix, 301 Mo. 385, 257 S. W. 121; State v. Capotelli, 316 Mo. 256, 292 S. W. 42; State v. Bennett (Mo. Sup.), 6 S. W. (2d) 881.] The demurrer offered by the defendant at the close of all of the evidence should have been sustained.

No other questions are presented for our consideration on this appeal.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded. All concur.