STATE OF MISSOURI, Respondent, v. FORTHUNE HUMPHREY, Appellant. —No. 40951.—217 S. W. (2d) 551.

Division One, February 14, 1949.

*Morris A. Shenker* for appellant.

906

*J. E. Taylor*, Attorney General, *Arthur M. O'Keefe*, Assistant Attorney General, for respondent.

[552] HYDE, J.—Defendant was convicted of assisting in making and establishing a policy lottery as a business and avocation in

violation of § 4704, (R. S. 1939) Mo. Stat. Ann. and sentenced to six months in the workhouse. He has appealed. .

Defendant contends that the corpus delicti was not established and, therefore, statements made by him against himself (which were the basis of his conviction) were insufficient to support conviction. We find that this contention must be sustained.

· Defendant was arrested in St. Louis by two·police officers who saw him get out of his car with some policy drawing sheets in his left hand. As· the officers approached he attempted to cover these sheets with his coat which he was carrying on his arm, but dropped them. They were recovered by the officers and they found "ten carbon copies of policy writers' top sheets that had the recordings of numerals, combination of numbers, and the amount paid in each combination of numbers; and also the result of that drawing, showing the class number of the three o'clock drawing in Lovejoy, Illinois, at the Harlem Club, on the policy drawing result ballots and also on the carbon copy of the top sheet result ballots; and also on the carbon copy of the top sheets he had· the recordings of the bets." One of the officers asked defend- ant what business he was in and he said: "You know, I am in the policy racket"; but he further stated that they were "only making money for bondsmen" in arresting him. They also· said defendant stated he wrote "for the companies that hold their meets in the Harlem .Club"; that "he gets a percentage of the amount of bets that he individually writes himself, and he gets 25 cents for any bets that he takes over from other writers . . . . ; if they ride over in his car he charges them 50 cents." They also said defendant· stated some of the sheets were in his own handwriting but that "others wrapped up separately was for another writer"; and that he said "he made daily trips back and forth to the east side, taking bets over and bringing the result ballots back." However, he refused to name any of those whose bets he wrote.

The two elements necessary to prove the corpus delicti of a lottery in violation of §4704 are: (1) the establishing of a lottery by someone, (2) that the person charged aided or assisted in making or establishing it. [State v. Emerson, 318 Mo. 633, 1 S. W. (2d) 109.] To· sustain a felony· charge, it must also be shown that such person aided .or assisted to establish it as a business or avocation. [State v. Cronin, 189 Mo. 663, 88 S. W. 604; State v. Pomeroy, 130 Mo. 489, 32 S. W. 1002.] Proof of these elements is lacking here. Established lotteries with ·drawings at the Harlem Club in Illinois are merely assumed by the State and it produced no evidence of them at all. While "the body of a crime may be proved by circumstantial evidence alone" (State v. Emerson, supra) there are not sufficient circum- stances ·in this case to amount to substantial evidence to show the existence and operation of a lottery in which defendant was assisting. There is no evidence (independent of defendant's statements) to show the operation of any lottery or what took place in the Harlem Club or

908

what defendant did there or elsewhere. There is no testimony concerning defendant's activities in St. Louis or anything more than his possession of the papers described at the time of his arrest.

The State relies on State v. Emerson, supra, and State v. Wilkerson, 170 Mo. 184, 70 S. W. 478. The deficiency of the proof [553] in this case is well illustrated by considering the evidence of the State in those cases and in State v. Cronin, 189 Mo. 663, 88 S. W. 604. In the Emerson case, a plan showing the elements of consideration, prize and chance was evidenced by a written contract and by the facts shown to have existed which included testimony showing execution of and collection on these contracts. It was contended that there was no lottery because selection of prize winners was not by chance but by design; but it was held that there was sufficient circumstantial evidence to show selection by chance. In the Wilkerson case, the police followed defendant into a roadhouse where they found a policy wheel and other equipment for policy drawing. There was also evidence which "showed that defendant had been engaged in selling policy at intervals for five years", and defendant admitted at the trial that he was writing policy tickets. He only claimed that he was not "aiding and assisting in making and establishing a policy as a business or avocation." There was other evidence as to defendant's presence at this place at the time of daily drawings. This court held the evidence sufficient, saying: "We know of no more effective way to assist in making and establishing a business as an avocation than to participate in it and devote one's time and services in so doing." In the Cronin case, there was evidence to prove the operation of a policy establishment and the continuous presence of the defendant there, handling money and books turned in by policy venders, handing out drawings and other activities.

■ "It is a settled rule of criminal procedure that testimony of a confession of a crime charged, made out of Court by the accused, must be supported by independent proof of the corpus delicti; that is, by proof that a crime was in fact committed. Robinson v. State, 12 Mo. 592; State v. Scott, 39 Mo. 424; State v. German, 54 Mo. 526, 14 Am. Rep. 481; State v. Coats, 174 Mo. 396, 74 S. W. 864; State v. Henderson, 186 Mo. 473, 85 S. W. 576; Kelly, Crim. Law and Prac. sec. 281; 12 Cyc. 483." [State v. Young, 237 Mo. 170, 140 S. W. 873, l. c. 875.] "Proof of a confession of a crime not made in open court, without independent proof of the corpus delicti, will not sustain a conviction." [State v. Craig, 328 Mo. 938, 43 S. W. (2d) 413; See also State v. Capotelli, 316 Mo. 256, 292 S. W. 42; State v. Patterson, 347 Mo. 802, 149 S. W. (2d) 332; State v. Cooper, 358 Mo. 269, 214 S. W. (2d) 19.] Therefore, the Court should have directed a verdict of acquital in this case.

■ In this connection, since there might be another trial, we rule that there was no error in overruling defendant's motion to suppress

evidence seeking to prevent the use as evidence of the policy drawing papers he had in his hand when the officers approached him. His claim is that these papers were seized as a result of an unlawful search and was in effect compelling defendant to give testimony against himself, in violation of §§ 15 and 19 of Article 1, Constitution of Missouri. He relies on State v. Dunivan (Mo. App.) 269 S. W. 415 and State v. Owens, 302 Mo. 348, 259 S. W. 100. However, the evidence does not show any search. On the contrary, it discloses that defendant had the policy slips in his hand where the officers could see them and recognize what they were. Furthermore, they did not take them from defendant but saw them dropped on the ground and picked them up after he was arrested. Moreover, the right of arrest by police officers of the City of St. Louis has been broadened by §7691 (R. S. 1939) Mo. Stat. Ann. to make an arrest lawful when there are reasonable grounds to suspect that a misdemeanor has been committed, so that it cannot be held that defendant's arrest was illegal. [See Hanser v. Bieber, 271 Mo. 326, 197 S. W. 68; Wehmeyer v. Mulvihill, 150 Mo. App. 197, 130 S. W. 681; Commission Row Club v. Lambert (Mo. App.) 161 S. W. (2d) 732.] When a person is lawfully arrested, the arresting officer may take from him articles of value as evidence. [State v. Raines, 339 Mo. 884, 98 S. W. (2d) 580; State v. Williams, 328 Mo. 627, 14 S. W. (2d) 434.] As to the claim that the use of these policy slips in evidence violates the constitutional provision against self-incrimination, this has been ruled against defendant's contention. [State v. Pomeroy, 130 Mo. 489, 32 S. W. 1002.]

[554] We further rule that the court did not err in refusing defendant's instruction D because it is in argumentative form as to the effect of these papers as evidence. Other matters raised should not occur on re-trial.

The judgment is reversed and the cause remanded. All concur.