260 S.W.2d 3 (1953)
STATE
v.
JONAS.
No. 43475.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
*4 Frank Bild, St. Louis, for appellant.
John M. Dalton, Atty. Gen., Walter G. Stillwell, Asst. Atty. Gen., and Grover C. Huston, Asst. Atty. Gen., for respondent.
HOLLINGSWORTH, Judge.
Defendant, tried by jury, was found guilty of second degree burglary of and larceny from a gasoline filling station in the City of St. Louis. His punishment was assessed at imprisonment in the state penitentiary for a term of ten years for the burglary and five years for the larceny. Following the overruling of his motion for new trial, allocution and judgment, he has appealed.
The information as originally filed named another as a codefendant. Subsequently, the codefendant was granted a severance and an amended information was filed against the herein defendant alone. In addition to the charge of burglary and larceny, the amended information alleged his prior conviction of seven felonies and lawful discharge upon compliance with the sentences therein imposed.
Defendant, although represented by court-appointed counsel at the trial, has filed no brief in this court. We, therefore, review the record proper and all valid assignments of error in the motion for new trial. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43, 49.
Seven assignments are set forth in the motion. Of these, Nos. 2, 3, 6 and 7 wholly fail to comply with the mandatory provisions of Section 547.030 RSMo 1949, V.A.M.S., requiring that the motion for new trial in a criminal case "must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." See State v. Boyd, Mo.Sup., 256 S.W.2d 765, 766, and cases cited therein. Thus: Nos. 2 and 3 are, respectively: that the court erred "in overruling the objections of defendant's counsel to the questions asked by the circuit attorney of the State's witnesses", and "in sustaining the objections of the circuit attorney to questions asked of witnesses by defense counsel." See State v. Tillett, Mo.Sup., 233 S.W.2d 690, 692. Nos. 6 and 7 are, respectively: "The verdict is against the law, as declared * * * by the court", and misdirection of the jury "in material matters of law as set out in instructions numbered 1, 2, 3, 4, 5, 6 and 7." See State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 777.
Assignment No. 1 sufficiently alleges error of the trial court in overruling defendant's motion to suppress certain evidence, to wit: a radio, automobile battery and a five-quart can of oil, allegedly stolen from the filling station, on the ground they were obtained through an unlawful search and seizure of defendant's automobile. Assignments 4 and 5 allege insufficiency of the evidence to support the verdict.
The only evidence introduced by defendant in support of his motion to suppress said evidence consisted of the testimony of two of the three police officers who were present at the time of his arrest. Inasmuch as these officers testified to substantially the same facts in behalf of the State at the trial on the merits, such evidence need be stated only once in determining the merits of both the motion to suppress and the charge of insufficiency of the evidence to support the verdict.
At the trial on the merits, defendant elected to stand on his demurrer offered at the close of the State's case. The testimony in behalf of the State warrants a finding that:
On Saturday, December 1, 1951, as he had for more than twenty-two years prior thereto, Louis Ebenhoh operated a gasoline filling station located near the center of a lot at the southwest corner of Kingshighway and Murdoch Streets. He also sold at retail therefrom automobile tires and batteries and Shell petroleum products. At the close of business at 9:00 p. m., on that day, Ebenhoh's employee, Charles Neun, turned off the station lights, securely locked all of the doors and windows, including a window in the outer wall of the men's washroom, and left the premises. At that time there was in the building, in addition to the merchandise for sale, a table model radio belonging to another employee, James Aubertin, who had left the station about 7:00 p. m.
*5 At approximately three o'clock on Sunday morning, December 2nd, St. Louis metropolitan police officers, Joseph Hormberg, Elmer Kraeger and Albert Bean, all on duty, were cruising in the area of the filling station in a police car driven by Kraeger. As they drove by the station, they saw defendant sitting behind the steering wheel of an automobile, with its lights turned off, parked in the station driveway in front of the gasoline pumps. Officer Hormberg thought he saw (with the aid of the corner street light and, possibly, a night light in the otherwise darkened station) the shadow of a man moving about inside the station. They immediately stopped their car and entered the lot. Hormberg went up to the car in which defendant sat, Kraeger went to the rear of the building, and Bean went to the side thereof. The motor of defendant's automobile was running. As Hormberg stood watching him, saying nothing, defendant got out of the automobile, raised its hood and began "fooling with the motor". In the meantime, Kraeger, at the rear of the building, was unable to find anyone in or near it, but did discover in the rear wall an open window in which the glass was broken. He returned to the front of the station and reported these facts to Hormberg. One of them asked defendant what he was doing there, and he replied that something had gone wrong with his car. They observed that he was bleeding from a cut or cuts on his hand. Hormberg then and there arrested him as "suspect of larceny".
Following the arrest, the officers searched the automobile. They found a radio on the front seat and a battery and five-quart can of oil on the floor immediately back of the front seat. They took defendant and the discovered articles to the police station.
Later the same morning, Ebenhoh and his two employees made an inspection of the filling station. They discovered the outer window of the men's washroom open and the glass thereof broken. They also discovered blood spots on the window and on the floor. On the same day, at the police station, they identified the radio taken from defendant's car as the radio kept in the filling station by Aubertin; they identified the battery taken from his car as property of Ebenhoh that was in the station at the time of closing it on the evening before; and they identified the can of oil as being of the same brand and size kept for sale at the station. While they were at the police station, defendant, in their presence and in the presence of certain police officers, made a voluntary statement in which he recited in detail the manner in which he broke into and entered the filling station and stole the aforesaid articles.
The evidence also showed seven prior felony convictions of defendant and his lawful discharge from imprisonment upon compliance with the sentences imposed.
The mere recital of the facts demonstrates the court did not err in overruling the motion to suppress or in holding the evidence sufficient to support the verdict.
The police officers would have been naive indeed had they not suspected, from the facts and circumstances in evidence, that the gasoline filling station had been or was in process of being burglarized, and that defendant was a participant. The trial court, in ruling the motion, aptly summarized the evidence given in support thereof: "Well, the Court is of the opinion they had sufficient grounds for arrest, * * *. Here is a station that had been closed, three o'clock in the morning; the window had been broken. This man was parked in there, his motor was running; under all the circumstances, the Court feels there is a pretty strong case of grounds for an arrest, so the motion will be overruled."
It is clear and we hold that the officers had reasonable grounds for making the arrest and that, after so doing, they also had the lawful right to search the automobile in which they found defendant sitting at the steering wheel, and to seize for use in evidence the articles above mentioned. State v. Humphrey, 358 Mo. 904, 217 S.W. 2d 551, 553, and cases therein cited; State v. Martin, 357 Mo. 368, 208 S.W.2d 203, 207; State v. Carenza, 357 Mo. 1172, 212 S.W.2d 743, 745.
*6 The amended information, in conventional and approved form, duly alleges in accordance with the Second Offense Act the seven prior felony convictions of defendant, the prison sentences imposed in each, and his discharge in compliance therewith. Section 556.280 RSMo 1949, V.A. M.S.; State v. O'Brien, Mo.Sup., 245 S.W. 2d 857, 859. It also, in conventional and approved form, charges defendant with the crime of burglary and larceny. State v. Burns, 263 Mo. 593, 594, 173 S.W. 1070.
The verdict found defendant guilty of burglary second degree, and larceny committed during the burglary, found that he had been formerly convicted of a felony, and assessed his punishment at imprisonment in the state penitentiary for a term of ten years for the burglary and five years for the larceny. It is sufficient. Sections 556.280, 560.070, 560.095, 560.110, 560.155, RSMo 1949, V.A.M.S.
The jury was duly empanelled and sworn, the trial proceeded in order with defendant and his counsel present, the cause was duly submitted and the jury's verdict was properly returned. Defendant was granted due allocution and the judgment is in accord with the verdict.
The judgment should be and is affirmed.
All concur.