### STATE v. CHARLES.

No. 43846.

Supreme Court of Missouri.
Division No. 2.

April 12, 1954.

Motion for Rehearing or for Transfer to Court en Banc Denied June 14, 1954.

Morris A. Shenker, Sidney M. Glazer, St. Louis, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

ELLISON, Judge.

The appellant Walter Charles was charged by an amended information filed in the circuit court of the City of St. Louis on February 2, 1953, with carrying concealed on or about his person a loaded automatic pistol on August 11, 1952, in violation of Section 564.610 RSMo 1949, V.A.M.S. The jury found him guilty, and further found he had formerly been convicted of a felony and discharged, and assessed his punishment at imprisonment in the State Penitentiary for the term of two years, which was the maximum under the statute. The charge and proof brought the case within the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A.M.S., because of prior convictions.

The information charged three prior convictions. The first was on October 15, 1948, in St. Louis, for carrying a concealed weapon in violation of Section 564.610, supra. In that case the sentence was 90 days in the city workhouse. The information stated he was duly sentenced, imprisoned and discharged after and upon lawful compliance with the sentence—which was on or about January 15, 1949.

The second prior conviction alleged was on December 20, 1949, for assault with intent to rob with malice, a felony in violation of Section 559.180 RSMo 1949, V.A.M.S. The information stated that in accordance with said conviction he was duly sentenced by the circuit court to imprisonment in the city workhouse for a term of *9 months,* and was duly imprisoned in accordance with that sentence. But *it* failed to allege he

was duly *discharged* on that conviction in accordance with that sentence.

However, the third prior conviction alleged in the information was on the same date as the second, December 20, 1949, for carrying concealed weapons, for which he was duly sentenced to imprisonment in the city workhouse in St. Louis, likewise for *9 months*. But the information alleged said latter two convictions and sentences were imposed to run concurrently, and that they did so run and *were served* concurrently, and ended at the same time [on or about September 20, 1950]. The information alleged the appellant was *duly discharged* upon lawful compliance with *both* of said prior sentences. This was nearly a year and eleven months before the instant crime of carrying concealed weapons was committed on August 11, 1952, and still longer before the information charging that crime under the Habitual Criminal Act was filed on February 2, 1953.

█ The verdict of the jury in the instant case on April 30, 1953, found "the defendant [appellant] guilty of carrying concealed upon and about his person a dangerous and deadly weapon, to-wit: a pistol. We further find the defendant has been formerly convicted of 'a felony' and assess his punishment at imprisonment in the State Penitentiary for the term of two (2) years"—the maximum under the applicable statute, Section 564.610 RSMo 1949, V.A. M.S.

Appellant's first assignment of error in this case is that the jury's verdict finding him guilty of carrying a concealed weapon and that he had been "formerly convicted of a felony" was defective and insufficient to support a conviction under the terms of Section 556.280 RSMo 1949 V.A.M.S. [Habitual Criminal Act], for the reason that the verdict does not refer with definiteness and certainty to any of the three former convictions alleged in the information and only one prior conviction was properly charged since the information failed to allege that the felony on trial was committed *after the discharge* from two of the felonies alleged.

Appellant's point is that the jury's verdict in the instant case found he had formerly been convicted of *a* felony whereas the evidence showed he had been convicted of *three* prior felonies [two of them concurrent], and it was impossible to tell which one of these the jury referred to. We think the record properly bears the construction that the jury referred generically to all of these prior convictions and service of punishment, and found he had served that punishment and had been discharged on all of them before the instant prosecution started. On this point appellant cites State v. Humphrey, 357 Mo. 824, 828(3), 210 S.W.2d 1002, 1005; State v. Kelly, Mo.Sup.Div. 1, 258 S.W.2d 611, 612; State v. Harrison, 359 Mo. 793, 794–795(1), 223 S.W.2d 476, 478(1).

In the Humphrey case it appears the defendant was prosecuted for two crimes in one case: for burglary, for which the jury assessed his punishment at two years; and for grand larceny, for which the punishment was three years. In addition the jury found he had been convicted of three prior felonies under the Habitual Criminal Act and assessed an additional punishment of five years. The trial court sentenced him to a total punishment of ten years. This court held the aggravated total punishment should have been 15 years.

In this case, unlike the Humphrey case, there were not two combined separate prosecutions. There was only a single prosecution for carrying a concealed weapon, the punishment for which could and would be aggravated under the Habitual Criminal Act by any and all of the three prior convictions. That course was followed in State v. Hagerman, 361 Mo. 994, 999(5), 238 S.W. 2d 327, 330(8), and State v. Ortell, Mo.Sup., 50 S.W.2d 1037. It was there held that specific findings as to the several prior convictions were proper but not required. See also State v. Kelly, Mo.Sup.Div. 1, 258 S.W. 2d 611, 612(5).

Appellant's second assignment complains that the trial court "erred in giving to the jury instruction No. 1, the verdict direct-

ing instruction, for the following reason: (a) This instruction erroneously allowed the jury to find the defendant guilty if they found that on August 11, 1952, or at any time within three years next before the filing of the amended Information he carried concealed about his person a pistol, for the reason that two of the prior convictions alleged were for carrying concealed weapons and the evidence showed one of these offenses *may* have occurred within three years next before the filing of the Information, and thereby the jury was permitted to find the defendant guilty of the felony on trial if they found he had been guilty of a prior conviction of a felony."

■ This assignment is not clear and in our opinion it is not well founded. It is true that instruction No. 1 authorized the jury to convict the appellant of carrying concealed weapons not only if they found he did so on August 11, 1952, but also if he had committed the crime at any time within three years next before the filing of the amended information, which was on February 2, 1953. The jury's verdict on April 30, 1953 found him guilty of carrying a dangerous and deadly weapon, a pistol, and that he had formerly been convicted of a felony but did not say what felony or when it was committed. His last two previous convictions of *any* felony [assault with intent to rob and also carrying concealed weapons] had been on December 20, 1949, and that was not within three years before the filing of the amended information on February 2, 1953, but 3 years, 1 month and 12 days theretofore.

Appellant's brief says one of the previous offenses of carrying concealed weapons *may* have occurred at another time in 1949 within three years next before the filing of the information in this case on February 2, 1953, but there was no proof of it. In addition to that the State's instruction No. 2 submitted the case solely and exclusively on the theory that appellant carried the pistol on August 11, 1952, as alleged, and that proof of the prior convictions of felonies should be considered by them only as bearing on the amount of punishment they

should impose on the appellant in this case if they found him guilty.

■ Appellant's brief next contends the State's verdict finding instruction No. 1 was erroneous because it allowed the jury to convict the appellant without requiring a finding that his acts were done "knowingly, wilfully and intentionally." What the instruction required was that appellant "did unlawfully and feloniously carry concealed about his person a pistol loaded with gunpowder and metal bullets, and that said pistol was a dangerous and deadly weapon" [described in the amended information as a .32 caliber automatic pistol of designated make]. This was sufficient.

On that point appellant cites cases holding there must be a conscious purpose to conceal the weapon. In State v. Gibson, 322 Mo. 369, 374, 15 S.W.2d 760, 761, the defendant was carrying a revolver in *view* beside him on the seat of his automobile. It was a question of fact as to whether he *intended* to conceal it, and the decision held an instruction omitting that element was erroneous. In the instant case instruction No. 1 expressly required a finding that the appellant did unlawfully and feloniously carry the pistol concealed on or about his person. There was no evidence that it was in view. We think there was no error in the instruction.

■ Appellant next assigns error in the giving of the State's instruction No. 2, on the theory that it omitted an essential element of an offense under the Habitual Criminal Act, by failing to require the jury to find the felony on trial was committed after appellant's *discharge* under the prior felony convictions pleaded and proven. We do not agree. The instruction specifically required as a prerequisite to conviction under the Act that the jury in the instant case find the appellant guilty of carrying a concealed weapon allegedly on August 11, 1952, and that *before* that date he had been convicted of a prior felony or felonies, and in accordance therewith had been duly sentenced and imprisoned, and duly discharged after and upon lawful com-

pliance with one or more of the sentences imposed. Under this instruction all the foregoing was required to be antecedent to the commission of the felony on August 11, 1952.

Appellant's next assignment, No. 4, is that the trial court erred in overruling his pretrial motion to suppress evidence, and in allowing the evidence to be used at the trial of this case, for the reason that his arrest was unlawful in that he was arrested without a warrant and without probable cause, and that the search of his person and the seizure of his pistol was unreasonable and in violation of Art. I, § 15, Const. Mo.1945, V.A.M.S. Further he asserts the search amounted to compelling him to testify against himself in violation of Section 19, Art. I, of the Constitution, V.A.M.S.

These contentions are based on the testimony of officers Alexander and Scism of the St. Louis Metropolitan Police Force. Officer Alexander testified that about 6:45 p.m. on August 11, 1952, they heard what appeared to be three gunshot reports. They were "cruising" in an automobile and headed about 200 feet in the direction from which the sounds had come. They saw the appellant emerge from a hallway. He was pushing an unidentified object into his right front trouser pocket. The officers immediately alighted. Appellant turned in their direction, saw them, and started to run down the hallway, but was overtaken in about 75 feet.

They arrested him on suspicion of having fired the shots. On search of his person they found fully concealed in his aforesaid pocket an automatic pistol of foreign make. It contained five loaded cartridges in the magazine and one in the firing chamber. On search they found one discharged cartridge about 30 feet behind him and about half way down the hallway. The pistol and loaded shells and empty shells were marked as exhibits, and introduced at the trial. The pistol appeared to be in good working order and was turned over to the police laboratory. Officer Alexander testified he questioned appellant, who

said he was shooting down the areaway at a man who had just held him up.

Appellant's counsel produced a witness, a gunsmith named Sturgess, who testified that on or about August 2, 1952, appellant, who was a regular customer, had brought to his shop for repair an automatic pistol of Spanish make. The trigger spring was out of order. Appellant called at his shop and "picked up" the pistol on the evening of August 11. His regular closing time was 5 o'clock. This was not long before 6:45 p.m. when the police officers said they heard the pistol shots and took the automatic pistol from appellant.

In support of his motion to suppress the evidence—that is the testimony of the officers—appellant's brief asserts the appellant's arrest was unlawful in that he was arrested without a warrant and without probable cause, in consequence of which the search of his person and the seizure of the pistol were unreasonable, as being undertaken without probable cause, in violation of his constitutional right to be secure from unreasonable searches and seizures, under Art. I, § 15, Const.1945, V.A.M.S., and also under Art. I, § 19, exempting him from compulsion to testify against himself in a criminal cause.

■ Appellant's brief cites State v. Humphrey, 358 Mo. 904, 909(3), 217 S.W. 2d 551, 553, a St. Louis case where the defendant was charged with a misdemeanor for maintaining a policy lottery as a business and he had the lottery tickets in his hand when the officers approached him. There was no search. The decision held that under the statute governing police officers' arrests in St. Louis they need only have reasonable grounds for suspecting a misdemeanor had been committed, which was the grade of the crime in that case. In this case the officers had heard the pistol shots fired. They saw appellant place an object in his right hand pocket. He fled and was overtaken. When searched the pistol was found in that pocket. At least one shell had been fired. In our opinion *under the facts the search was not unrea-*

sonable. 79 C.J.S., Searches and Seizures, § 69, page 847. See also K. C. Law Review, 1952, pp. 261–262; State v. Williams, Mo. Sup.Div. 2, 14 S.W.2d 434–435 (1–6); State v. Raines, 339 Mo. 884, 888–890 (2–4), 98 S.W.2d 580, 583–584 (3, 4); State v. Pinto, 312 Mo. 99, 106, 279 S.W. 144, 146(5).

■ Appellant's next assignment is that the information was defective and insufficient to bring him within the Habitual Criminal Act, Section 556.280. His contention is that it failed to allege the felony on trial was committed after his discharge from two of the three prior felony convictions alleged, referring to those dated on December 20, 1949. The brief asserts that as to these two felonies the information merely stated appellant was duly discharged, and did not allege he committed the felony on trial after his discharge from them.

We have already passed on this question. As to appellant's first prior conviction, in 1948, there is no dispute about the fact that he was duly discharged upon compliance with that sentence. As to his second prior conviction on December 20, 1949, for assault with intent to rob, with a 9 months sentence, it is also undisputed that the information in this case *failed* to state he was duly discharged upon compliance with the sentence. But it is likewise undisputed that the information states his third prior conviction on the same day for carrying concealed weapons, with the same 9 months sentence, was imposed and required to run concurrently with the second, and did so run, and the two were served concurrently and ended at the same time, and that appellant was discharged upon compliance with both.

■ The final assignments in appellant's brief complain of the closing argument of the assistant circuit attorney to the jury that *possession* of a weapon was the gist of the offense charged. Appellant answers that the crime denounced by the statute consists of *carrying* a *concealed* weapon, and that it does not make mere possession a crime. Further, appellant assigns error on the part of the court in sustaining the State's objection to portions of the argument of appellant's counsel to the jury that they should consider the question of *intent* in determining whether he (defendant) was guilty of the crime charged.

On that point appellant cites State v. Gibson, supra, 322 Mo. loc. cit. 374, 15 S.W.2d loc. cit. 761, heretofore referred to. As already stated, in that case the defendant was carrying a weapon *in view* beside him on the seat of his automobile, and the question was whether he *intended* to conceal it. In the instant case appellant was fleeing and carrying the pistol fully concealed in his pocket, but his counsel sought to argue to the jury the question of his intent in so doing, as bearing on the question of his guilt or innocence, and that "a person has a right to have firearms." We think there is no merit in the contention.

■ Finally appellant's brief asserts the trial court erred in overruling his objection to the closing argument of the Assistant Circuit Attorney that he was a cancer in society that should be removed from society. What the State's Attorney said, as shown by the record here (p. 110), was: "I can understand how any of you will feel at the time you go to your jury room insofar as deliberating to decide whether or not one of our citizens is to maintain his liberty. However I submit that you must approach the problem in the same way a doctor approaches the problem of removing a malignant or cancerous growth from the boy (body). He does that with the only idea in mind, gentlemen, of preserving the body, and that is the counterpart of what this jury system that we have here today— one of the services that you are performing. These lawless individuals, they are cancerous growths and you are taking them out of the community * * *."

In our opinion these remarks, while severe, do not call for a reversal and remanding of the case. The record shows the appellant has been a persistent criminal. This is the fourth criminal case in which he has been convicted. Three of them have

been for carrying concealed weapons and the fourth for assault with intent to rob, which indicates he may have used a similar means in that case.

Finding no reversible error the verdict and judgment below are affirmed.

All concur.