THE STATE v. C. H. (TONY) PATTERSON, Appellant.—149 S. W. (2d) 332.

Division Two, April 3, 1941.

*Jay B. Wilson, D. R. Clevenger* and *Walter J. Gresham* for appellant.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

TIPTON, P. J.—In the Circuit Court of Platte County, Missouri, an information was filed charging the appellant with grand larceny in that he stole a row boat, two oars and two fishing nets, the personal property of one Fines Dewey, *alias* Frank Blake. After spending eleven months in jail, the appellant was tried and convicted and his punishment assessed at four years in the State penitentiary. From that sentence he has duly appealed.

Fines Dewey, *alias* Frank Blake (hereafter referred to as Frank Blake), and the appellant were fishermen and for several years lived near the junction of the Platte and the Missouri Rivers in Platte County. On the morning of March 22, 1938, Blake was seen walking from his home toward the town of Farley, and was later seen going back toward his home. Later in the same day Blake borrowed two oars from Martin Huppman, a neighbor, and started walking toward the junction of the Platte and the Missouri Rivers, which was also in the direction of appellant's home. As far as this record shows, Blake was never seen again.

In substance, Harold Fugett, one of the State's witnesses, testified as follows: That he lived at Tracy, Missouri; that about two weeks after the disappearance of Blake he was sent to the mouth of the Platte River by Robert Sympson, the prosecuting attorney, to investigate the disappearance; that he fished with the appellant for three days; that the appellant told him that he got two oars, two fishing nets and a row boat from Blake's place after he watched Blake go to Farley on the morning that Blake disappeared; that he, Fugett, saw the two oars leaning against a tree near appellant's house and the two nets in appellant's yard; and that the nets were worth $45. He further testified that he did not see the boat but that the appellant told him that he had filled the boat with rocks and loosened a board so it would sink because there was blood in it. He said that the appellant told him that he saw Blake rowing down the Platte River and that he told Blake "to stand up and stretch his arms," and he killed him.

On the fourth day after Fugett went to appellant's home, appellant was arrested and placed in jail. His place was searched. Two nets were found near his house and two oars were found leaning against

a tree several yards from his house. Whether they were on the appellant's place or not is not shown.

James Worrell testified that appellant told him that he went to Blake's house and took the two nets, one of which appellant said belonged to him.

There was an inference in the record that Blake was wanted on a Federal criminal charge. Other essential facts will be stated during the course of this opinion.

■ Appellant assigns as error the statement of witness Fugett that appellant told him he killed Blake. He objected to this statement because it is highly prejudicial to him as he was not charged with murder, but charged only with larceny; furthermore, there was no charge of murder pending against him.

It is the State's theory that such statement was admissible because it was a circumstance showing that Blake had not consented to appellant's taking the oars, nets and boat. The State admitted that there was no charge of murder filed against appellant because the State could not prove the *corpus delicti.*

The general rule is that evidence of other crimes, independent of that for which the defendant is on trial, is not admissible, but that rule does not apply where the evidence tends directly to prove guilt of the crime charged.

But in this case there was no proof that Blake was killed. "If the defendant's (appellant's) statement be regarded as an extrajudicial confession, it was not admissible to show such crimes, in the absence of proof that such other crimes had been committed. No *corpus delicti* was proven. There must be competent, relevant evidence of the other crimes before it can be said that they are proven." [State v. Flores, 332 Mo. 74, 55 S. W. (2d) 953, l. c. 956. See, also, State v. Young, 237 Mo. 170, 140 S. W. 873; State v. Bennett, 6 S. W. (2d) 881.]

We think this statement was very prejudicial to appellant in view of the fact that there was no showing that Blake was killed. In fact, there is no showing that he is dead; it may be he fled the county to avoid arrest. Nor is there any reason shown why the information alleged his name to be Fines Dewey, *alias* Frank Blake. We think it was error to admit this statement.

■ The appellant also contends that his demurrer to the evidence should have been sustained.

"Of course there can be no larceny without a taking of the property against the will of the owner . . . " [State v. Court, 225 Mo. 609, l. c. 614, 125 S. W. 451. See, also, State v. Stark, 249 S. W. 57; State v. Jenkins, 213 S. W. 796.]

Lack of consent need not be proven by direct evidence, but may be proven by circumstantial evidence. [State v. Slusher, 301 Mo. 285, 256 S. W. 817.]

In the case at bar, Blake was not a witness, therefore, there was no direct evidence that he did not consent to the appellant's taking the oars, nets and boat. Nor is there any competent evidence of circumstances that would tend to show that this property was taken without Blake's consent. The only evidence relied upon by the State to show lack of consent was in appellant's purported confession that he killed Blake. We have just ruled this was not admissible. There is no evidence that appellant tried to conceal the alleged stolen property. On the contrary, it was in plain view to anyone who passed by. This is insufficient to sustain a conviction of larceny (36 Corpus Juris 914), and appellant's demurrer to the evidence should be sustained.

From what we have said, it follows that the judgment of the trial court should be reversed and the prisoner discharged. It is so ordered. *Ellison* and *Leedy, JJ.,* concur in result.