**STATE of Missouri, Respondent,**

v.

**Darryl JONES, Appellant.**

**No. 41627.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Robert C. Babione, Public Defender, Nick Zotos, Asst. Public Defender, St. Louis, for appellant.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the charge of sodomy in violation of § 563.230, RSMo 1969. The court assessed punishment under the Second Offender Act at 35 years imprisonment. Defendant appeals raising only one issue claiming that the trial

court erred in failing to submit his requested identification instruction.

The state's primary witness was the victim, a thirty—one year old woman. The victim recalled the details of her attack which occurred around 11:00 a. m. on September 19, 1978. She was jogging on the bicycle path in Forest Park along the area that runs next to Highway 40. During her testimony, she described her attacker as being a black male with muscular build, about five—nine or five—ten in height, 160—65 in weight, medium afro, medium brown complexion, a moustache, a short beard dressed in a white T—shirt, bib overalls and carrying a blue—jean jacket, and missing part of his left pinky finger. The victim testified that she saw her attacker's face clearly and that during part of the time that she was with him, her face was but one foot away from his face. The victim was able to identify defendant at a lineup and in court as the man who forced her to commit sodomy. At the lineup, after identifying the defendant, the victim requested that she be shown the hands of the participants of the lineup. The defendant was missing a little finger on his left hand.

Police Officer Frazier, who interviewed the victim on the day of the attack, testified that on September 19, 1978, the victim never mentioned noticing a tattoo on the attacker's arm. During trial, Officer Frazier observed for the record that the defendant had a tattoo on his arm; however, he also testified that on the day of defendant's arrest, he did not notice a tattoo.

Several other police officers and an employee of the police department testified as to their interviews with the victim, the conduct of the lineup, and attempts to create identification composites of the subject from the victim's description. These composites were introduced into evidence and marked as exhibits of both the state and the defendant.

At the end of the trial, the defense submitted an identification instruction [1], which the trial court refused.

On appeal, defendant claims that the trial court erred by refusing to submit the requested instruction on identification because in doing so, it failed to instruct on defendant's theory of the case: mistaken identity. Defendant maintains that he carefully developed the defense throughout the trial by introducing the identification composites, by showing the victim's nervousness [2] at the time of the offense and by demonstrating discrepancies between the description of the offender and the actual

---

1. The refused instruction reads as follows:

 One of the issues in this case is the identification of Darryl B. Jones as the perpetrator of the crime. On that issue you are instructed as follows:
 1. The State has the burden of proving beyond a reasonable doubt that Darryl B. Jones is the person who committed the crime.
 2. It is not essential that the identifying witness be free from doubt as to the correctness of his identification. However, you, the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of Darryl B. Jones before you may return a verdict of guilty. If you are not convinced beyond a reasonable doubt that Darryl B. Jones is the person who committed the crime, you must find him not guilty.
 3. Identification testimony is an expression of belief or impression by the witness. In appraising identification testimony you should consider the following:
 A) The opportunity and capacity of the witness to observe the offender at the time of the offense:
 This as affected (sic) by how long or short a time was available, how far or how close the witness was, how good lighting conditions were, whether the witness had occasion to see or know the offender in the past.
 B) The circumstances of an identification subsequent to the offense:
 This is effected by the witness' capacity for recollection, the length of time from he (sic) occurrence of the offense to the next opportunity of the witness to make an identification, the number and appearance of other individuals with the defendant when the identification was made, and any other circumstances which may have influenced the witness to identify the defendant as the person who committed the offense.
 4. If after examining the testimony you have a reasonable doubt as to the accuracy of the identification, you must find Darryl B. Jones not guilty.

2. The victim testified that during the attack she was scared and very nervous.

appearance of defendant (height[3] and the presence of a tattoo).

 We find that the trial court did not err in refusing to give the requested identification instruction. The requested instruction was not a Missouri Approved Instruction.[4] The law in Missouri is clear that there is no need to give an instruction on identification where the other instructions given fully submitted defendant's theory to the jury. *State v. Quinn*, 594 S.W.2d 599, 605 (Mo.banc 1980); *State v. Todd*, 537 S.W.2d 865, 868 (Mo.App.1976). Here, the court gave instruction No. 5, MAI–CR 12.-50, and Instruction No. 6, MAI–CR 3.02. Both instructions required that the jury "believe from the evidence beyond a reasonable doubt ... *that defendant* ..." committed the act of sodomy. [emphasis added.] Additionally, the court gave Instruction No. 4, MAI–CR 2.20, which required the jury to find beyond a reasonable doubt that defendant was guilty. These instructions fully submitted defendant's theory because under each, the jury was required to find that defendant was the perpetrator of the offense.

The court also gave Instruction No. 1, MAI–CR 2.01, which told the jury members: "You alone must decide upon the believability of witnesses and the weight and the value of the evidence." Notes on Use MAI–CR 2.01 preclude further instruction on believability of witnesses. Here, the mis–identification of defendant went to believability of the victim's testimony and therefore pursuant to the Notes on Use MAI–CR 2.01, the instruction was properly refused.

Finding no error in the refusal of the identification instruction, we affirm the trial court.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

3. After the victim identified the defendant at the lineup, she was told by the police officers that the defendant was six feet tall.

4. This court is aware that other jurisdictions have adopted special instructions to support the theory of mis–identification. *E.g.*, *United States v. Green*, 591 F.2d 471 (8th Cir. 1979).