**STATE of Missouri, Respondent,**

v.

**Calvin MANNING, Appellant.**

**No. 44392.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
July 12, 1982.

Joseph W. Downey, Public Defender, Richard Burke, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, William K. Haas, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Convicted by a jury of two counts of first degree robbery, violations of § 569.020 RSMo. 1978 and sentenced to consecutive terms of seventeen years and fifteen years with the Department of Corrections as a

persistent offender, defendant appeals. Finding no merit to his two alleged points of trial court error, we affirm his convictions.

The evidence established that at approximately 8:45 a.m. on July 18, 1980, Irvin Bernstein, the proprietor of the Grand Medical Pharmacy in St. Louis, Thornton White, a security guard employed by the pharmacy, and a customer were in the store. At that time, the defendant entered, picked up several items, placed them on the counter and pulled a "sawed off" shotgun from a bag he was carrying. He ordered White and another customer to lie on the floor. After taking $300.00 from Bernstein and a revolver from White's holster, he fled.

Approximately a month later, on August 21, officer Bates, while on routine patrol, saw the defendant walking in the 4000 block of McRee pull a revolver from a shoulder bag. The police officer stopped his car and approached the defendant who started to run. Bates identified himself as a police officer but the defendant continued to run. As Bates gave chase, the defendant stopped and fired a shot at the pursuing officer. Two other officers apprehended the defendant a block away after observing him throw a revolver to the ground. The revolver, identified as belonging to the pharmacy security guard, White, was recovered.

On August 26, 1980, a lineup was conducted and both Bernstein and White identified the defendant as the robber. In addition, a left thumbprint taken from one of the items he touched while in the store was identified as defendant's.

In his first point on appeal, defendant asserts the trial court erred in permitting evidence before the jury that the defendant fired a shot at officer Bates. He contends this is evidence of other crimes and is not within an exception to the rule that such evidence is inadmissible.

The general rule is that proof of the commission of separate and distinct crimes by the defendant is not admissible, unless the proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. The mere fact that the evidence incidentally proves defendant guilty of another crime does not make the evidence inadmissible, if it reasonably tends to prove a material fact in issue. *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967).

In *State v. Kilgore*, 447 S.W.2d 544 (Mo. 1969), the defendant alleged that evidence he fired shots at the police while fleeing from the scene of the crime constituted evidence of separate and distinct offenses with which he was not charged. The Supreme Court rejected the contention, stating, "[u]nexplained flight and resisting arrest is evidence a jury may consider as evincing consciousness of guilt." 447 S.W.2d at 547. The evidence had a "legitimate tendency" to establish defendant's connection with the offenses for which he was charged.

The defendant states *Kilgore* is distinguishable because here the flight occurred a month after the crime. The remoteness in time, however, goes to the weight of the evidence rather than to its admissibility. *State v. Ball*, 339 S.W.2d 783, 785 (Mo. banc 1960).

Defendant relies on *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954) to support his contention this evidence was inadmissible. Defendant's reliance on *Reese*, however, is misplaced. In *Reese*, defendant was charged with first degree murder. Later, on the same evening of the murder, defendant held up a liquor store and engaged in a shootout with the police before he was apprehended. The state introduced this evidence to establish the identity of the defendant as the person who committed the murder, because the same weapon was used in both crimes. The Supreme Court held the evidence of the details of the robbery as a separate offense was inadmissible for the purposes of establishing identity. In this case the evidence was not admitted to establish identity of the defendant, but to establish consciousness of guilt. Further, in *Reese*, the exchange of gunshots between defendant and the police was the result of catching the

defendant in the act of committing another separate offense. While here, the jury could infer that defendant's act evinced a consciousness of guilt as to the crime with which he was charged and not because of another crime, unconnected with the one for which he was on trial.

The evidence that defendant fled from a police officer and fired a shot at him in an attempt to escape apprehension, had a legitimate tendency to establish his guilt. That it also, incidentally, established he committed another crime, does not make it inadmissible. The trial court committed no error in this regard.

■ In his second point defendant contends that the trial court erred in refusing defendant's Instruction A,[1] a non MAI–CR2d instruction, on identification.

The law is clear in Missouri that there is no need to give this instruction on identification where other instructions given fully submitted defendant's theory to the jury. *See, State v. Quinn*, 594 S.W.2d 599, 605 (Mo. banc 1980); *State v. Jones*, 607 S.W.2d 740, 742 (Mo.App.1980). There is no merit to defendant's point.

Affirmed.

SNYDER and CRIST, JJ., concur.

---

1. 1. The State has the burden of proving beyond a reasonable doubt that the defendant is the person who committed the crime.

2. It is not essential that the identifying witness be free from doubt as to the correctness of the identification. However, you, the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may return a verdict of guilty. If you are not convinced beyond a reasonable doubt that the defendant is the person who committed the crime you must find him not guilty.

3. Identification testimony is the expression of belief or impression by the witness. In appraising identification testimony you should consider all of the circumstances surrounding and attending the making of the identification.

4. If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.