STATE of Missouri, Respondent,

v.

**Michael J. BULLOCK, Appellant.**

**No. 44878.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1983.

Alvin A. Wolff, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted of rape, a violation of § 566.030, RSMo. 1978, and was sentenced to a term of ten years with the Department of Corrections. He appeals. We reverse and remand for a new trial.

Defendant was convicted of committing a rape on September 15, 1980, in St. Louis County near the Missouri River bridge. The state presented the following evidence. While the victim and her fiance, Ken, were at Charlack City Court on the evening of September 15, 1980, they met a friend of Ken's, Tim Huggins. They were without transportation and Ken asked Tim if he could give them a ride to St. Charles. Tim agreed but explained they would first have to ride in a pickup truck to a trailer on Cypress Road, where he had his motorcycle. He would then be able to give them a ride one at a time to St. Charles. Also present with Tim were the defendant and Bryan Maxwell. Everyone rode in the pickup truck to the trailer. Tim and Ken departed for St. Charles on the motorcycle, while the victim went inside the trailer to await Tim's return. En route to St. Charles, Tim had a flat tire. He left Ken on the side of the road and pushed his motorcycle back to the trailer.

After Tim returned to the trailer, Maxwell led the victim into the bedroom. He made advances which she rejected and stated she wanted to leave. Maxwell told her she could not leave. Defendant and Tim then entered the room and took off the victim's clothes. Defendant told the victim he had a knife and he would cut her throat if she didn't stop crying. Someone slapped the victim, but she did not know who. Tim then raped the victim and Maxwell forced her to engage in oral sex.

At this point, a woman, later identified as Mary, and her husband arrived outside the trailer. The girl's husband screamed, "they raped my wife." All three men ran outside and a fight ensued. The victim dressed and left the trailer. Mary approached her and asked, "did they do the same thing to you they did to me?" The victim nodded her head yes. Defendant then grabbed the victim's arm, led her to his car and told her he would take her home. He drove to the St. Charles Rock Road bridge over the Missouri River where the victim stated he raped her. The victim underwent a physical examination at the hospital that evening. There was no evidence of injury or of bruises.

Defendant was charged with raping the victim on St. Charles Rock Road at the old bridge over the Missouri River. He was not charged with any offense at the trailer that evening. Defendant testified in his own behalf. His testimony and the victim's were similar as to the manner in which the victim arrived at the trailer that evening. He testified, however, that after Tim returned, the victim and Maxwell went into the bedroom alone. After a few minutes he had to go to the bathroom, and in order to do so, had to go through the bedroom. At that time, he said the victim was drinking beer and Maxwell was making advances towards her. Then the victim got up and removed her clothes. Tim then entered the room. Defendant testified that the victim then voluntarily engaged in sex with Maxwell and Tim. At that time, Mary and her husband arrived at the trailer. Everyone went outside and there was an altercation. The victim asked defendant to take her away from there, so they got in his car. He drove to the Rock Road bridge and parked. He testified she voluntarily had sex with him. Afterwards, he drove her home.

In defendant's first point, he alleges the trial court erred in allowing Mary to testify at trial about her "alleged rape at [the] trailer one week earlier because" that constituted evidence of other crimes.[1] On that

1. The state has asserted that defendant did not properly preserve this matter for review. Defendant initially filed a motion in limine before the commencement of trial requesting that Mary be prohibited from testifying at trial. The trial court denied the motion. He again reasserted that motion prior to Mary's appearance as a witness because "she [was] going to testify the defendant raped her in a trailer." The trial court again denied the motion. Defendant objected then at several points in her testimony and raised the matter in his motion

date, Mary testified that she and her girl-friend were picked up at a tavern by defendant and Tim Huggins. She further testified that they voluntarily went to defendant's trailer. Mary testified that after her friend left, she went into the back bedroom alone with the defendant with the intent "on having sex" with him. However, after they were there a couple of minutes, Tim came into the bedroom. Thereafter, Tim and the defendant had sex with her against her will. They made no threats, produced no weapons, but did prevent her from leaving the bedroom. Mary testified she did not report the rape to the police until after the events of September 15, at which time, she signed an affidavit of nonprosecution.

■ The general rule is that proof of the commission of separate and distinct crimes by the defendant is not admissible. *State v. Manning,* 634 S.W.2d 504, 505 (Mo.App. 1982). The well-recognized exceptions to this rule permits evidence of other offenses when such evidence tends to establish (a) motive, (b) intent, (c) absence of accident or mistake, (d) a common plan or scheme embracing the commission of two or more crimes so related one to another that proof of one tends to establish the other, or (e) the identity of the person charged with the commission of the crime on trial. *State v. Mitchell,* 491 S.W.2d 292, 295 (Mo. banc 1973).

The disputed testimony in this case is admissible only if it fits within one of these exceptions. Absence of mistake or accident was not an issue. The state asserts the evidence is admissible to establish motive, intent, and common plan or scheme. The state acknowledges that evidence of other sexual offenses committed against a person other than the victim has been held inadmissible to establish motive, intent or as evidence of a common plan or scheme. *State v. McElroy,* 518 S.W.2d 459 (Mo.App. 1975); *State v. Atkinson,* 285 S.W.2d 563 (Mo.1955); *State v. Teeter,* 239 Mo. 475, 144

S.W. 445 (Mo.1912). But, in support of its position, the state cites *State v. Williams,* 602 S.W.2d 209 (Mo.App.1980). In *Williams,* defendant was charged with breaking and entering into the apartment of one Ms. H and raping her on July 6, 1977. In the same case, defendant was also charged with "first degree burglary and assault with intent to maim with malice aforethought for breaking into the same apartment and attacking a second woman, Ms. R, on August 23, 1977." 602 S.W.2d at 210. The court, in rejecting defendant's challenge to the use of each of these crimes as evidence to convict him of the other offense, stated:

> [T]he trial court did not abuse its discretion in permitting the jury to consider the evidence of the separate criminal transactions involved in this case.... Evidence of the July 6, 1977, crime was relevant to establishing the identity of the offender committing the August 23, 1977, crimes and vice versa because the situs of the criminal acts were identical, because nothing was stolen on either occasion and because the time of the occurrences, nature of the victims, method of entry, and degree of brutality employed were remarkably similar. From these similarities an inference arises that the two criminal transactions were committed by the same person. Thus evidence of the July 6, crimes is relevant to show the identification of the person committing the August 23, crimes and vice versa.

602 S.W.2d at 212.

■ In the present case, the defense was consent. Identity was not an issue. Moreover, the offense for which defendant was on trial occurred at the Missouri River bridge and not at the trailer. The state has not cited us to any case, nor has our own research disclosed one which supports its contention that the events of September 7, 1980, were relevant to the issues in this case.[2] Mary's testimony was inadmissible. Defendant is entitled to a new trial. We

---

for new trial. We have concluded defendant properly preserved the matter for review.

2. At oral argument, the state cited *State v. Young,* 643 S.W.2d 28 (Mo.App.1982). We do not find it persuasive.

need not address defendant's other point, as it may not recur.

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.