STATE of Missouri, Respondent,

v.

Jerome McDANIELS, Appellant.

No. 46674.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1984.

Motion for Rehearing or Transfer
Denied April 20, 1984.

Application to Transfer Denied
May 15, 1984.

Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of two counts of rape, § 566.030, RSMo.Supp.1982; two counts of sodomy, § 566.060, RSMo.Supp.1982, and one count of kidnapping, § 565.110, RSMo.1978. The trial court found defendant to be a prior sexual offender and sentenced him to thirty years' imprisonment on each sodomy and rape charge, all to be served concurrently. Defendant was also sentenced to a consecutive term of thirty years' for the kidnapping conviction. We affirm.

The victim testified that on February 7, 1982, she stood waiting at a bus stop. The cold and snowy weather that night made for erratic bus service and deserted streets. A man later identified as defendant also waited. After some conversation, defendant moved closer to her, pulled a knife and held it to her throat. She screamed; defendant threatened to kill her if she screamed again.

Defendant grabbed his victim by the arms and dragged her around the corner to an empty garage. Once in the garage, defendant disrobed the victim, performed cunnilingus on her, sodomized her anally and then engaged in intercourse. After some time, he permitted his victim to dress, assuring her she could leave. Instead, he forced her to accompany him to his house, a two hour walk in the deserted streets. Upon arrival, defendant removed the victim's clothing, applied vasoline to his penis and again sodomized her anally. Afterward, he had intercourse with his victim.

After restraining her overnight, defendant permitted his victim to dress. However, he immediately removed her clothing and had intercourse once again. Finally, at approximately 10:00 A.M., after extracting her promises to fabricate an excuse for not returning home the previous night, defendant escorted his victim to the vicinity of her home.

The victim arrived home dirty, wet and sobbing. She described her attacker to the police and pointed to her neck wound, explaining that defendant had cut her throat with his knife. The following day, February 9, the victim positively identified defendant from a photographic array. Her identification at a lineup and in court were equally unequivocal. She, furthermore, directed police to the site of each attack.

The police arrested defendant on February 8, 1982, in connection with the November 24, 1981 rape of another woman. Although the victim of this attack reported the incident, the rapist had not been apprehended. This victim testified at trial that on February 8, while walking down the street, she spotted her rapist, the defendant, accompanied by a woman later identified as the victim. She immediately summoned the police, which ultimately resulted in defendant's arrest. A subsequent search of defendant produced a knife; however the February victim was unable to identify the knife as the one wielded by defendant during the attack.

Following his arrest, defendant was advised of his *Miranda* rights and questioned. Two police officers present at this interrogation testified at trial without objection. Their accounts of the events which transpired are alike. Each indicated that defendant was advised that his arrest stemmed from the November 24 attack. Officer Adler was then asked, "when he was advised he was being placed under arrest for the incident on November 24, what if any comments did he make?" The officer responded that the defendant, significantly, stated, "Oh, I thought I was being arrested for something I just did." Defense counsel requested that the officer repeat defendant's spontaneous exclamation; the officer obliged. Officer Deem's

recollection of defendant's February 8 remark was equally clear and offered without objection.

The November rape victim testified that on February 8 she observed defendant, whom she recognized as her assailant, and the victim of the present case walking along the street together. She was then permitted, over objection, to describe in detail her attack. As she was walking, defendant accosted her with a knife and forced her into a weeded area, where he removed her clothing and forced her to engage in both anal sodomy and intercourse. Moreover, prior to sodomizing his victim, defendant removed vasoline from his pocket and applied it to his penis.

On appeal, defendant's sole point is "[t]he trial court erred in overruling the appellant's objections and allowing [the November rape victim] to testify that she was raped and sodomized by the appellant on an occasion two and one-half months prior to the offense on trial, for the reason that said testimony constituted evidence of another crime, irrelevant to the offense on trial."

■■■ Defendant relies upon the well recognized rule of law that ordinarily evidence of other crimes is not admissible. *State v. Manning*, 634 S.W.2d 504, 505 (Mo.App.1982). However, as defendant acknowledges, there are equally well recognized exceptions to this rule. Evidence of other crimes is permitted to establish 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan; 5) the identity of the person charged with commission of the crime on trial. *State v. Mitchell*, 491 S.W.2d 292, 295 (Mo. banc 1973); *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954).

■■■ Among the reasons advanced by the state for admission of the challenged testimony in this case was that it fell within the identity exception. The test for admissibility of a separate crime is not whether it incidentally proves defendant guilty of that crime, but whether it reasonably tends to establish a material fact at issue in the

present case. *State v. Reese*, 274 S.W.2d at 307; *State v. Young*, 661 S.W.2d 637 (Mo.App.E.D.1983). The state had the burden of proving that defendant committed this crime. The victim had no prior contact with defendant upon which to base her identification. Therefore, proof that defendant was, in fact, the perpetrator of the crime was essential and relevant evidence was admissible to bolster the victim's identification.

In *State v. Young*, 661 S.W.2d 637 (Mo. App.E.D.1983), this court discussed the admissibility of evidence of other crimes in sex cases.

In Missouri, the prosecution may show a defendant's propensity for illicit sexual relations with the prosecuting witness but similar sexual crimes with other persons are generally inadmissible for purpose of showing propensity. *State v. Atkinson*, 293 S.W.2d 941, 944 (Mo.1956). *See also, McCormick on Evidence*, § 190, pp. 449–50 (2d ed. 1972). Evidence inadmissible for one purpose, may however, be admitted if introduced for a proper purpose. One such purpose is to prove identity. In the instant case, we find the evidence of defendant's sexual attacks upon victims other than the prosecuting witness properly admitted:

[T]o prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature.

*McCormick on Evidence, supra,* at p. 449 (footnotes omitted). *See also, Annot.,* "Admissibility, in Prosecution for Sexual Offense, of Evidence of Other Similar Offenses," 77 A.L.R.2d 841 (1961).

Testimony revealed all three women accepted rides from defendant on the premise he would take them home. Defendant drove all three to secluded park-

ing lots and parked his car so close to another vehicle that the victims were unable to escape from the passenger side. In all three incidents defendant threatened victims in a similar manner. Before attacking his victims, defendant first discussed oral sodomy. Finally, in all three cases defendant attempted or succeeded in committing oral sodomy upon his victims. We find defendant's methodology in the three attacks sufficiently unusual and distinctive so as to allow the introduction of evidence of the crimes as defendant's "handiwork," thereby establishing defendant as the perpetrator. The evidence had a legitimate tendency to establish defendant's connection with the offense charged. *State v. Shaw*, 636 S.W.2d 667, 671–672 (Mo. banc 1982), *cert. denied*, 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982).

▆ Here, as in *Young*, we find the methodology of attack sufficiently similar "to earmark them as the handiwork of the accused." This is not to say there are no dissimilarities in the two attacks. However, the differences pale in comparison to the striking similarities, and therefore, go to the weight, not the admissibility of the testimony. In this regard, both the November attack and the instant offenses occurred in the same general vicinity. Neither woman had any prior acquaintanceship with her attacker. In each attack, defendant grabbed his victim and exhibited a knife to emphasize his threat. Each time, defendant completely disrobed his victim before engaging in both anal sodomy and intercourse. Most significantly, in each case defendant used vasoline when sodomizing his victim. Taken together, this evidence had a legitimate tendency to establish defendant's connection with the offense charged.

Defendant argues that his offer to stipulate to identity, made in chambers and rejected by the state, effectively removed this issue from the case. He raises the same contention with respect to his comments in opening statement. The Missouri Supreme Court squarely addressed this issue in *State v. Holmes*, 609 S.W.2d 132 (Mo. banc 1980).

Appellant entered a plea of not guilty, and the State therefore had the burden of convincing the jury beyond a reasonable doubt as to each and every element of the charged offense.... Appellant may have told the court that no issue of fact existed, but the court is not the trier of the facts, and "The right of the state to offer, and to have received, evidence which is relevant and material to the issue cannot be taken away by an offer for *stipulation* or by an *admission*."

*Id.* at 135 (emphasis added).

▆ Defendant cannot, by stipulation or by admission, control the state's proof of its case. Therefore, neither defendant's proffered stipulation nor comments in opening statement affect the admissibility of the evidence.[1] If relevant, as we have found, then the evidence was admissible.

Defendant would have us rely on *State v. Bullock*, 651 S.W.2d 173 (Mo.App.1983). However, defendant misconstrues this court's opinion in *Bullock*. The victim in *Bullock* contended that she was raped by *two men in a trailer while the defendant was present*. By her own admission, the victim voluntarily left the trailer with defendant and accompanied him to place near the Missouri River Bridge. However, she contended that once there, defendant raped her. At trial, the court permitted the testimony of another woman who alleged she had been raped by defendant in the trailer one week prior.

1. In the portion of opening statement that defendant has included in his record on appeal, defense counsel stated:

> First of all, I want to remind you we are here to try the case of State versus Jerome McDaniel based upon complaints made by [the victim], based upon complaints made by her.

> As she testifies—and, she will be the main witness in this case, she will be the one this case will hang on. I believe, based upon her testimony, most everything she says will be just as it was, consensual activity ....

Defendant took the stand in his own defense. He admitted his presence at the Missouri River Bridge with the woman and that they had intercourse, but claimed he did so with her consent.

Unlike the present case, the evidence in *Bullock* made clear that the rape for which defendant was on trial was in no way similar to the separate attack divulged to the jury. In light of the substantial similarities in the two attacks in the present case, *Bullock* is of no help to defendant.

Considering all the circumstances of the present case, we find the testimony of the prior victim concerning the details of the November rape was properly admitted to establish defendant's identity as the perpetrator of the February attack. Moreover, any prejudice resulting from this evidence was blunted by the officers' testimony concerning defendant's spontaneous admission following his arrest for the November offense, which was properly before the jury.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.