**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David Lowell SMITH,
Defendant-Appellant.**

No. 13893.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1985.

David A. Geisler, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GREENE, Judge.

Defendant, David Lowell Smith, was charged by information with the class C felony of deviate sexual assault in the first degree, § 566.070.[1] He was jury-convicted and punishment was assessed at one year.

Specifics of the charge were that in September of 1983, Smith had deviate sexual intercourse with T.G.B., a 14 year old boy. Deviate sexual intercourse is defined by § 566.010, subd. 1(2) as "any sexual act

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

involving the genitals of one person and the mouth, tongue, hand, or anus of another person."

At trial, T.G.B. testified that one morning Smith got in bed with him and masturbated him. T.G.B. also testified that on two other occasions, Smith fondled his testicles, on the pretext of checking for disease. Smith, a single adult male, was licensed as a foster parent by the Division of Family Services and was entrusted with the care of T.G.B. and three other boys.

M.C.S., who had known the defendant for about six years and lived in defendant's home for his last semester of high school, testified, over objection, that Smith would often get in bed with him, masturbate him, feel his privates, rub up against him, undress him, shower with him, and kiss him and the other boys on the lips.

F.L.A., a 10 year old boy, testified, without objection, that while he was living in Smith's home as a foster child, defendant showered with him, kissed him on the mouth, rubbed his private parts, asked him to sleep with him, and told him "not to tell anybody at school what happened."

In his testimony, Smith admitted kissing the boys on the lips and touching their private parts while checking for testicular cancer, but denied any sexual misconduct.

■ In his first point relied on, Smith contends the trial court erred by admitting into evidence the testimony of M.C.S. as to any alleged acts of deviate sexual assault committed upon him, because such testimony was evidence of other crimes, which had a prejudicial effect that far outweighed any probative value it might have had.

While it is ordinarily true that evidence of crimes other than the one on which the accused is being tried is not admissible, there are exceptions to that rule. Evidence of other crimes is admissible to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged. The test for admissibility of such evidence is whether it reasonably tends to establish a material fact in issue in the case being tried.

*State v. McDaniels*, 668 S.W.2d 230, 232 (Mo.App.1984).

■ Defense counsel's objection to the testimony of M.C.S. was overruled "on the basis that it will show absence of mistake, common scheme or plan." In this case, the modus operandi used by defendant in his sexual contacts with the boys was identical. The place of the assaults upon T.G.B. and M.C.S. was the same (in their beds); the time of the assaults was the same (early morning hours); the victims were similar (boys living in his home); and, his actions during the deviate sexual acts were the same (lying on the bed next to them and masturbating them). The deviate sexual acts performed by Smith on M.C.S. were nearly identical to those performed on T.G.B. so as to earmark them as handiwork of the accused. The evidence offered by M.C.S. had a legitimate tendency to establish Smith's connection with the charged offense, *State v. Young*, 661 S.W.2d 637, 639–640 (Mo.App.1983), and established a common scheme or plan by Smith to sexually molest young boys entrusted to his care. The point is denied.

■ In his remaining claim of error, Smith contends the trial court erred in admitting the testimony of F.L.A. because such testimony constituted evidence of other crimes.

This point has not been preserved for appellate review since Smith waived any claim as to the inadmissibility of the testimony by failing to object to its admission at trial. *State v. Worthington*, 582 S.W.2d 286, 291 (Mo.App.1979). Plain error review under Rule 29.12(b) is not justified as the testimony did tend to show criminal intent on the part of Smith (telling the boy not to repeat at school what was going on at home, and asking the boy to sleep with him). As such, the testimony was admissible. The point has no merit.

Judgment and sentence affirmed.

TITUS, P.J., and FLANIGAN, J., concur.