STATE of Missouri,
Plaintiff-Respondent,

v.

Ralph E. DONALDSON,
Defendant-Appellant.

No. 52272.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 26, 1988.

Application to Transfer Denied
March 15, 1988.

John F. Newsham, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction of stealing property worth $150 or more. § 570.030, RSMo 1978. He was found to be a persistent offender, and the court sentenced him to serve a term of 12 years' imprisonment. We affirm.

Only those facts necessary for the resolution of defendant's two points will be related because he makes no challenge to the sufficiency of the evidence. Defendant was found guilty of stealing Dann Jones's Minolta 35mm camera, zoom lens, and public address speakers on December 13, 1980.

The items were stolen from Jones's parked van. Jones was at a magicians' conference, and he and another man, also a magician, stayed at the Red Roof Inn in Florissant, Missouri. Before retiring for the evening, Jones locked his van. The next morning the vent window on his van had been pried open and his property was missing. Jones's fellow magician had parked his van near Jones's vehicle. Jones testified that the stage name of the other man was Wayne Allen and that he did not know where he lived.

The Florissant police were called. Officer Burke responded, processed Jones's van, and found a latent fingerprint on the driver's side door above the door handle. While at the motel, Officer Burke processed another van bearing Maryland license plates. This vehicle was parked about 15 feet from Jones's van. Its vent window was pried open, and Officer Burke lifted prints from the outside and the inside of the vent window. The prints from both vehicles were identified as being those of defendant.

In defendant's first point he contends the trial court erred in admitting the evidence of the damage to the Maryland van and the fingerprints taken therefrom. The general rule is that evidence of other crimes not related to the crime for which defendant is being tried is not admissible. Such evidence, however, is admissible to prove the specific crime charged if it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985); *State v. McDaniels*, 668 S.W.2d 230, 232 (Mo.App. 1984). The test for admissibility of evidence of a separate crime is not whether it incidentally proves a defendant guilty of that crime, but whether it reasonably tends to establish a material fact in the present case. *McDaniels*, 668 S.W.2d at 232.

This was a circumstantial evidence case, and, therefore, all surrounding circum-

stances are properly considered by the jury if they have any bearing on the ultimate fact sought to be established. *State v. Dees*, 639 S.W.2d 149, 158 (Mo.App.1982).

■ The ultimate issue for the jury was whether defendant stole Jones's property. The state's theory was that the person prying open the vent window of Jones's van was the person who entered the van and stole the property; thus the identity of that person was a principal issue in the case. Evidence showed that the driver's side vent window on Jones's van had been pried open and that defendant's fingerprint was found on the driver's side door. The fact that the same person pried open a vent window on a second van 15 feet away during the same period of time was relevant to show a common plan or scheme. Defendant's fingerprints, found on the pried-open window of the second van, were evidence he entered that van and the same person entered both vans; therefore, the evidence obtained from the second van was relevant.

Defendant argues the evidence is inadmissible under *State v. Patterson*, 347 Mo. 802, 149 S.W.2d 332 (1941). In *Patterson*, the defendant was convicted of grand larceny of the property of Frank Blake. A witness testified the defendant told him that he had killed Blake. The court held the defendant's statement was inadmissible to show Blake was killed because "there was no proof that Blake was killed." *Patterson*, 149 S.W.2d at 332–33. We do not find *Patterson* controlling here. Defendant's first point is without merit.

■ In his second point defendant contends the trial court erred in overruling his objection to a portion of the state's opening statement. He argues the prosecutor mentioned in bad faith that Wayne Hofstetter owned the second van, knowing he could not support this fact with evidence.[1] Our review of the record reveals defendant did not raise this specific objection when the statement was made or in his motion for a new trial. Defendant has not preserved this point for appellate review. *State v.*

*Green*, 674 S.W.2d 615, 622 (Mo.App.1984). We have examined defendant's complaint, however, and find no error. The scope and extent of the opening statement is largely within the trial court's discretion. *State v. Browner*, 587 S.W.2d 948, 953 (Mo.App. 1979).

> The mere fact that no evidence is adduced as to some of the precise facts related to the jury in the opening statement is not sufficient to constitute error so prejudicial as to require the reversal of a conviction, except where it can be established, directly or by inference, that counsel making said statement had not intended to, or knew that he could not, produce testimony to support said statement when made. The question is whether counsel acted in good faith when he made the opening statement, and could reasonably believe that the evidence could and would come in during the trial.

*Browner*, 587 S.W.2d at 953 (citations omitted). The prosecutor could have reasonably believed that Jones would properly identify Hofstetter as the person he was with on the evening of the crime and that Hofstetter owned the other van. At trial, however, Jones said that he knew the man by his stage name, Wayne Allen, that he did not know where the man was from, and that Allen had a van, which was parked one or two spaces from his van. The court did not specifically find bad faith on the part of the prosecutor, and, from the court's various rulings, it appears the court found no bad faith. There is no error here.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Hofstetter apparently owned the other van. Defendant was charged in a separate count of stealing from Hofstetter's van. Hofstetter failed to appear at trial, and prior to the opening statement, the state announced it would nolle prosequi the other count.