STATE of Missouri, Plaintiff–Respondent,

v.

Thomas LINGLE, Defendant–Appellant.

No. 15680.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 1988.

Brian P. Taylor, Taylor & Taylor, Neosho, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant committed two acts of anal intercourse upon Steve Allen by forcible compulsion in violation of § 566.060. The jury assessed the defendant's punishment at ten years imprisonment upon one count and 15 years imprisonment upon the other count. The trial court sentenced the defendant in accordance with the verdicts. It ordered the sentences to run consecutively. The defendant presents two points on appeal.

He does not by either point question the sufficiency of the evidence. The following is a summary of only the evidence necessary to consideration of those two points.

The defendant, age 28; Allen, age 18; and one Douglas Robbins, age 20; lived in the same general area of Newton County. The three were acquainted. At about 1:40 a.m. on November 5, 1987, Allen was reading in the mobile home where he lived with his father. The father was asleep. The defendant stopped at the mobile home. He invited Allen to ride around and smoke marijuana. Allen accepted. While they were riding around, they did smoke some marijuana supplied by the defendant. The defendant then talked of masturbation and anal intercourse. He told Allen he was going to commit anal intercourse upon him. Allen ran.

However, the defendant caught him and forced him back into the defendant's automobile. There, by forcible compulsion, the defendant committed anal intercourse upon Allen. Allen again fled. This time he eluded the defendant and crossed some fields to approach his mobile home. The defendant was hiding behind a tree. The defendant grabbed Allen. Following a scuffle, the defendant subdued Allen. The defendant again forced him into the automobile. The defendant then drove down a country road. Allen's father had been awakened by the struggle. The father found that his son was missing. By automobile, he started looking for his son. The father's automobile was overtaking the defendant's automobile. The defendant then started driving 90 to 100 miles per hour and lost the father. The father then reported his son's disappearance to the sheriff's office.

The defendant drove at high speed through the countryside. He stopped in a remote area. He again committed forcible anal intercourse upon Allen. The defendant then took Allen to the vicinity of the mobile home and let him out. The defendant repeatedly warned Allen that he would kill Allen if Allen told anyone of the incident.

Douglas Robbins testified as follows. That just past midnight on November 5, 1987, he was at the home of one John Ruggles in Granby. The defendant came to the home. The defendant invited Robbins to "go out and smoke a joint with him." Robbins accepted. They went to a convenience store and bought gasoline and whiskey. They drove around, drinking some whiskey in the process. The defendant eventually pulled off on a side road. He produced some marijuana for Robbins to roll a joint. While Robbins was doing so, the defendant talked of masturbation and told Robbins he was going to commit anal intercourse upon him. A fight followed and Robbins escaped, even though the defendant tried to hit him with the automobile. The defendant had threatened Robbins with death if Robbins told anyone of the incident.

The defendant's testimony was to the following effect. In the early morning hours of November 5, 1987, he, Allen and

Robbins were driving around in rural Newton County, smoking marijuana and drinking liquor. They ran out of marijuana. He stopped the vehicle so he could get more marijuana from the trunk of his automobile. At this time the defendant was very intoxicated on marijuana and whiskey. He passed out in the backseat of the automobile. The next thing he remembered was later in the morning when he woke up. He was in the backseat of the automobile and it was parked in his driveway. Following a few hours sleep he went to work at an automobile sales lot. There he was arrested by a deputy sheriff. At the deputy's request he opened the trunk of his automobile. The defendant then first became aware that two grocery sacks of marijuana were missing from the trunk. The defendant denied that he committed sodomy upon Allen or attempted to commit sodomy upon Robbins. He stated that he never had sex with a man.

The defendant's first point is that the trial court erred in admitting the testimony of Robbins concerning the attempted anal intercourse because "there were insufficient similarities between the unsuccessful sodomy upon Robbins and the sodomy of Allen to overcome the general evidentiary rule prohibiting introduction into evidence of 'unrelated, uncharged, other crimes' in a criminal case." In his argument the defendant acknowledges "[e]vidence of other crimes is admissible if the evidence tends to establish (a) motive, (b) intent, (c) absence of accident or mistake, (d) a common plan or scheme or (e) identity." *State v. Muthofer*, 731 S.W.2d 504, 508 (Mo.App.1987). However, he contends the methodology in the three attacks in question was not sufficiently unusual and distinctive to allow the introduction of the evidence of the crimes as the defendant's "handiwork." He cites *State v. Young*, 661 S.W.2d 637 (Mo.App. 1983).

■ The maxim the defendant cites from *Young* is not strictly applicable to this case. In *Young* evidence of three rapes was introduced for the purpose of establishing the identity of the perpetrator. In this case, evidence concerning anal intercourse was admitted to establish a common plan or scheme. Evidence of the commission or attempted commission of such a deviate sexual act is sufficient to establish such a common plan or scheme or a depraved sexual instinct. Such evidence is extensively discussed in *State v. Taylor*, 735 S.W.2d 412 (Mo.App.1987). Also see *State v. Smith*, 694 S.W.2d 901 (Mo.App. 1985).

Moreover, the methodology in each instance in this case involved the following similarities. In each incident the defendant extended to the victim an invitation to ride around and smoke marijuana. In each incident the defendant drove the victims to a remote area. The defendant asked each victim to roll a joint. While each victim was rolling a joint, the defendant talked of masturbation and anal intercourse. In each incident the defendant threatened the victim with death if he should tell anyone of the incident. These similarities are sufficient to establish the incidents as the defendant's handiwork. Cf. *State v. Mudd*, 703 S.W.2d 63 (Mo.App.1985); *State v. Smith*, supra; *State v. McDaniels*, 668 S.W.2d 230 (Mo.App.1984).

■ The defendant also argues the trial court abused its discretion in failing to find the prejudicial effect of Robbins' testimony outweighed its probative value because the state presented a "weak" or "close" case. He cites *State v. Collins*, 669 S.W.2d 933 (Mo. banc 1984). Lest this opinion be misunderstood, it must be observed that this court does not find the evidence of the defendant's guilt to be weak. Allen's testimony was corroborated by the following. The man who lived near the Allen mobile home heard the early morning scuffle. He saw the defendant's automobile driving through the area at high speed. Allen's father heard the scuffle. He attempted to overtake the defendant's car. He promptly reported the incident to the sheriff's department. The officers found a shirt where Allen said the defendant had thrown it after wiping his penis. The shirt was found to be stained with semen. The semen was compatible with the defendant being a non-secretor Type 2–2. Only 1.2

percent of the population has such semen. An anal swab from Allen revealed the presence of blood. There was a type A blood stain on the front seat of the defendant's automobile. The defendant has blood type O. Allen has blood type A. When first approached by an officer the day following the incidents, the defendant falsely denied the automobile involved was his.

*Collins* is to be distinguished. In that prosecution for the sale of marijuana, evidence admitted for impeachment of the defendant unnecessarily included another sale of marijuana by the defendant. In this case the evidence was admitted to prove the defendant committed the offense charged. See *State v. Mallett*, 732 S.W.2d 527 (Mo. banc 1987), cert. denied, —— U.S. ——, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987); *State v. Muthofer*, supra; *State v. Mudd*, supra; *State v. Smith*, supra.

> Any incriminating evidence is by definition prejudicial. Relevance is the touchstone of due process, and beyond that the decision whether potentially prejudicial or inflammatory evidence should be admitted lies within the sound discretion of the trial court, *id.* [*State v. Wood*, 596 S.W.2d 394 (Mo. banc 1980), cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980) ], which is in a better position to balance the probative value and danger of the evidence.

*State v. Shaw*, 636 S.W.2d 667, 672 (Mo. banc 1982), cert. denied, 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). The evidence of the attack upon Robbins was relevant. Such evidence is to be admitted with caution and subject to limitations discussed in *Taylor*. However, particularly considering the degree of similarities in the incidents involved, the trial court did not abuse its discretion in admitting the testimony of Robbins. The defendant's first point is denied.

■ The defendant's second point is that the trial court committed prejudicial error in "giving instruction number seven MAI–CR 3d 310.12 because said instruction ... omitted a mandatory last line '[y]ou may not consider such evidence for any other purpose....'" As given, Instruction No. 7, patterned upon MAI–CR 3d 310.12, read as follows: "If you find and believe from the evidence that the defendant was involved in an offense other than the ones for which he is now on trial you may consider that evidence on the issue of motive, intent or presence of a common scheme or plan of the defendant." Under the evidence, the applicable Note on Use directed that the quoted sentence should have been given as the last sentence on Instruction No. 7. By omitting this sentence, the trial court committed error, "its prejudicial effect to be judicially determined." Rule 28.-02(f).

Prejudice occurs when the jury may have been adversely influenced by an erroneous instruction or by the lack of a required instruction. *State v. Rodgers*, 641 S.W.2d 83 (Mo. banc 1982). The defendant argues he was prejudiced by the omission because "[i]t is the State's instruction to link a charged crime with an uncharged crime to buttress the credibility of a victim's testimony by the use of similar testimony from a witness unrelated to the charge for which Appellant is standing trial." The evidence of the defendant's attempted commission of anal intercourse upon Robbins was admissible as substantive evidence of the defendant's guilt. The instruction as given told the jury to consider that testimony as such evidence. The court finds the defendant was not prejudiced by the omission of the sentence which would have told the jury to consider the testimony only as substantive evidence of the defendant's guilt.

The absence of prejudice is emphasized by the fact the defendant did not at the instruction conference or in his motion for a new trial specifically object to the omission of the quoted sentence. His allegation of error in his motion for a new trial was that "[t]he use ... of instruction number seven and number eight (MAI–CR 3d 310.-12 & MAI–CR 3d 310.50) was error...." Similar objection was voiced at the instruction conference. "Inasmuch as the objections now urged were not raised at any time in the trial court, review here is under the plain error rule." *State v. Torregrossa*, 680 S.W.2d 220, 228 (Mo.App.1984). See Rules 28.03 and 29.11. Plain error

does not result in connection with instructions unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Preston*, 673 S.W.2d 1 (Mo. banc 1984). The absence of the quoted sentence does not result in either. The defendant's second point does not present prejudicial error. The judgment of the trial court is affirmed.

HOGAN and PREWITT, JJ., concur.

FLANIGAN, P.J., concurs in part; concurs in result in part with opinion attached.

FLANIGAN, Presiding Judge, concurring in part; concurring in result in part

I concur in that portion of the principal opinion which disposes of defendant's first point. I concur in the result in that portion of the principal opinion which disposes of defendant's second point.