Ralph E. DONALDSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55897.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted, after a jury trial, of stealing over $150, § 537.030, RSMo 1978, and sentenced as a persistent offender to a term of twelve years' imprisonment. Movant's conviction and sentence were affirmed by this court on appeal. *See State v. Donaldson,* 745 S.W.2d 217 (Mo.App. 1987).

Movant asserts his Rule 29.15 motion was erroneously denied on two grounds. Movant first asserts his trial counsel was ineffective for failing to investigate the State's evidence against movant. Movant contends counsel's failure rose to a level of constructive denial of counsel, thus movant was not burdened to plead or prove prejudice.

Movant alleged his counsel did not investigate the State's sole evidence against movant, fingerprints of movant found on the van that was broken into, until moments before trial, which was then too late to aid movant's case. Movant failed to allege what counsel would have discovered if he had examined the evidence at an earlier date, or how this evidence would have aided his defense. Instead, movant's motion is replete with unsupported conclusory statements asserting his counsel was ineffective.

Movant's allegations do not raise an issue of actual or constructive denial of counsel. *See United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *State v. Harvey,* 692 S.W.2d 290, 292–293 [2, 3, 4] (Mo. banc 1985). Instead, movant's allegations sound in an allegation of a deficiency in counsel's performance, thus movant is required to affirmatively plead and prove prejudice. *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067 [18], 80 L.Ed.2d 674, 697 (1984). Since movant failed to plead what beneficial evidence his counsel failed to discover, he has failed to demonstrate prejudice, and his motion was properly denied without an evidentiary hearing. *Rainbolt v. State,* 743 S.W.2d 890, 892 [3] (Mo.App.1988).

Movant also asserts his conviction was the result of a verdict coerced by the trial court's giving of MAI–CR2d 1.10, commonly known as the "hammer instruction."

After the close of evidence and counsels' closing arguments, the jury retired to deliberate at 3:11 p.m. At 7:15 p.m., the jury sent a note to the trial judge which stated: "We are not unanimous and are at the same point we were at 3:30. How do we proceed? Thank you." The trial judge informed counsel that he intended to read to the jury MAI–CR2d 1.10. Defense counsel objected and requested the court declare the jury to be "hung." The court overruled the objection, called the jury in, and read the instruction. The jury resumed deliberations at 7:25 p.m. and delivered their verdict of guilty at 8:47 p.m.

Generally, instructional errors are not cognizable in a proceeding for post-conviction relief except where the error rose to the level of constitutional error. *Hanson v. State,* 684 S.W.2d 337, 339 [1] (Mo.App. 1984). However, if an issue could have been raised on direct appeal, even if a constitutional claim, it cannot be raised on motion for post-conviction relief except where required by fundamental fairness and only in "rare and exceptional" circum-

stances. *Drake v. State*, 753 S.W.2d 65, 67 [5] (Mo.App.1988). Movant's contention the instruction was improperly given could have been raised on appeal, for counsel preserved an objection to the instruction at trial, but apparently the contention was abandoned on direct appeal. Movant has not alleged any "rare and exceptional" circumstances that prevented him from raising this issue on appeal. In any event, after a thorough review of the trial record, we find no error in the court's giving of MAI–CR2d 1.10. *See State v. Leroy*, 724 S.W.2d 277 (Mo.App.1987).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.